Michael D. McLean, SBN: 207712
Michael J. Fabrega, SBNL 285843
Jaclyn R. Carney, SBN: 286448
ADELSON McLEAN, APC
4100 Newport Place Drive, Suite 200
Newport Beach, CA 92660
Telephone:     (949) 656-4601
Facsimile:     (949) 656-4223

Attorneys for Defendant
AMERON INTERNATIONAL, INC.

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DP ETIWANDA, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>SIMSMETAL USA CORP., a New York corporation; SA RECYCLING, a Delaware limited liability company; AMERON INTERNATIONAL, INC., a Delaware corporation; TAMCO, a California corporation; and DOES 1-20, inclusive,<br><br>        Defendants. | Case No.:  5:21-CV-1238<br><br>**DEFENDANT AMERON INTERNATIONAL INC.'S, ANSWER TO PLAINTIFF DP ETIWANDA, LLC'S COMPLAINT**<br><br>Complaint filed: 07/26/2021 |

COMES NOW, this Defendant AMERON INTERNATIONAL, INC. (hereinafter, referred to as "Defendant") and in answer to the Complaint of Plaintiff DP ETIWANDA, LLC, on file herein, does admit, deny, and/or allege as follows:

1.      Answering Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

2.      Answering Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

-1-

DEFENDANT AMERON INTERNATIONAL, INC.'S ANSWER TO COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.      Answering Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

4.      Answering Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

5.      Answering Paragraph 5 of the Complaint, Defendant denies each and every allegation as stated therein.

6.      Answering Paragraph 6 of the Complaint, Defendant denies each and every allegation as stated therein.

7.      Answering Paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

8.      Answering Paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

9.      Answering Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

10.      Answering Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

11.      Answering Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

12.      Answering Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

DEFENDANT AMERON INTERNATIONAL, INC.'S ANSWER TO COMPLAINT

13.     Answering Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

14.     Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

15.     Answering Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

16.     Answering Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

17.     Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

18.     Answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

19.     Answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

20.     Answering Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

21.     Answering Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

22.     Answering Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

DEFENDANT AMERON INTERNATIONAL, INC.'S ANSWER TO COMPLAINT

23.     Answering Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

24.     Answering Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

25.     Answering Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation(s) contained in said paragraph, and, on that basis, denies each and every allegation contained therein.

26.     Defendant further denies that Plaintiff was damaged in any sums, or sum, or at all.

PURSUANT TO RULE 8(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE, DEFENDANT SETS FORTH THE FOLLOWING MATTERS CONSTITUTING AN AVOIDANCE OR AFFIRMATIVE DEFENSE:

27.     As a **FIRST, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that the Complaint fails to state facts sufficient to constitute any cause of action against Defendant.

28.     As a **SECOND, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that if punitive damages are sought, the Complaint fails to state facts sufficient to constitute any claim, cause of action, or facts upon which punitive damages may be awarded.

29.     As a **THIRD, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that, if punitive damages are sought, Civil Code Section 3294 (permitting recovery of punitive damages), is invalid on its face and/or as applied to Defendant, pursuant to the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and Article 1 of the Constitution of California.

30.     As a **FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that the Complaint and each cause of action alleged therein are barred by applicable statutes of limitations and repose, including, but not limited to, Code

of Civil Procedure §§ 335, 335.1, 338(a), 338(d), 339(1), 340(3), 340.2, 343, 353, 361, 583.210 and 583.310.

31.     As a **FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that Plaintiff has unreasonably delayed the commencement of this action against this answering Defendant, to its prejudice, whereby the Complaint and each cause of action alleged therein is barred by the doctrine of laches.

32.     As a **SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that as a result of the acts, conduct, and/or omissions of Plaintiff, Plaintiff's Complaint, and each cause of action alleged therein is barred by the doctrine of estoppel.

33.     As a **SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that Plaintiff's injuries and damages, if any, which Defendant denies, was caused in whole or in part by the acts, conduct, and/or omissions of Plaintiff's predecessor-in-interest.

34.     As an **EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that the Complaint and each cause of action alleged therein, is barred on the grounds that Plaintiff's loss based on his alleged injuries, and/or damages, if any, was solely and proximately caused by Plaintiff's comparative negligence and/or other misconduct.

35.     As a **NINTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that the Complaint and each cause of action alleged therein is barred on the grounds that Plaintiff knew, or in the exercise of ordinary care should have known, of the risk of the injuries or damages alleged in the Complaint, if any, and nevertheless did freely, knowingly and voluntarily assume said risk, and this undertaking proximately caused and contributed to the losses, injuries or damages, if any, alleged by Plaintiff.

36.     As a **TENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that the acts, conduct and omissions of Plaintiff (including any agent, representative, or employee thereof) actually and proximately caused the

DEFENDANT AMERON INTERNATIONAL, INC.'S ANSWER TO COMPLAINT

alleged damages and injuries, if any, of which Plaintiff complains, rendering Defendant not liable to Plaintiff for the proportion of fault attributable to Plaintiff and/or to any person or entity whose acts or omissions are imputed to Plaintiff.

37.     As an **ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that each of the parties to this action, other than Defendant, and others, whose identities are presently not known to Defendant, were negligently or legally responsible or otherwise at fault for the damages alleged in the Complaint and each cause of action alleged therein.  Therefore, Defendant requests that in the event of Plaintiff's recovery against Defendant, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties, and further requests a judgment and declaration of indemnification and contribution against all those parties or persons in accord with the apportionment of fault.

38.     As a **TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that, if Plaintiff has suffered any damages, which Defendant denies, Defendant alleges that Plaintiff's right of recovery for those damages is barred by Plaintiff's failure to mitigate its damages, if any.

39.     As a **THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that Plaintiff's injuries and damages, if any, were proximately caused by an unforeseeable, independent, intervening, supervening, and/or superseding event beyond the control and unrelated to any conduct of Defendant and Defendant's actions, then Defendant's conduct, if any, was superseded by the negligence and wrongful conduct of others.

40.     As a **FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that the Complaint and each cause of action alleged therein are vague, ambiguous, and uncertain, and does not comply with Rules 8(a) and 8(d)(1) of the Federal Rules of Civil Procedure.

41.     As a **FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that the Court lacks jurisdiction over the subject matter of this action.

42.     As a **SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant,

based upon current information and belief, alleges that the Complaint and each cause of action alleged therein is barred on the grounds that Plaintiff failed to join indispensable parties under Rule 19 of the Federal Rules of Civil Procedure, and the Complaint is thereby defective.

43.    As a **SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that no defendant to this action was, at the time of Plaintiff's alleged accident, loss and/or damage, acting as an agent or employee of this answering Defendant, such that if any other defendant caused or contributed to Plaintiff's alleged accident, loss or damage, this answering Defendant is not vicariously liable for the same.

44.    As an **EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that he damages alleged by Plaintiff, if any, were proximately caused by the negligence and fault of other parties, and Defendant is thereby entitled to and request an allocation of such negligence, fault and liability be made among such other parties, and that if any liability is found on the part of this answering Defendant, judgment against said Defendant be only in the amount which is proportionate to the extent and percentage by which its acts or omissions caused or contributed to the Plaintiff's damages.

45.    As a **NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that if this answering Defendant is found liable for non-economic damages in the instant action, to the extent and upon the proportion of the fault of each other defendants, and in the event any judgment is entered against such other defendants, this answering Defendant requests a separate judgment be rendered against each of the defendants for any non-economic damages imposed, if any are such awarded.

46.    As a **TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that if Plaintiff and/or other parties to the action suffered or sustained any loss, injury, damage or detriment, the same was solely, directly and proximately caused and contributed by superseding actions of other parties, either served or not served, and not by this answering Defendant, and such breaches, conduct, acts, omissions, activities, carelessness, recklessness and/or negligence of said other parties bar recovery by Plaintiff against this answering Defendant.

DEFENDANT AMERON INTERNATIONAL, INC.'S ANSWER TO COMPLAINT

47. As a **TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that Plaintiff lacks standing to assert claims against Defendant.

48. As a **TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that Plaintiff agreed to, and participated in, those actions which Plaintiff claims to have caused injury or damage.  Since such participation and consent were given knowingly and voluntarily, Plaintiff's claims are invalid.

49. As a **TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that Plaintiff's negligence under the doctrine of *Witt v. Jackson*, 57 Ca1.2d 57 (1961), shall reduce the liability of Defendant, if any there is, and Defendant is entitled to an offset.

50. As a **TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

51. As a **TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that Plaintiff has waived, expressly or impliedly, the right to maintain this action against Defendant.

52. As a **TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges justification and reasonable reliance on statutory authority for privileged entry with respect to any claims for trespass and/or nuisance.

53. As a **TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that the release and resulting damages alleged by Plaintiff were caused by an act of God—an unanticipated grave natural disaster or other natural phenomenon of an exceptional, inevitable, and irresistible character the effects of which could not have been prevented or avoided by the exercise of due care or foresight.

54. As a **TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that Plaintiff failed to pursue and exhaust all available administrative remedies.

DEFENDANT AMERON INTERNATIONAL, INC.'S ANSWER TO COMPLAINT

55.     As a **TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that entry, if any, on to the subject property by this Defendant, was with and within scope of the consent or license of the person(s) with rightful and legal possession of land at all times relevant, as implied from custom, usage, or conduct, as a privilege to trespass.

56.     As a **THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that entry, if any, on to the subject property by this Defendant, was out of public necessity and a privilege to trespass.

57.     As a **THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that entry, if any, on to the subject property by this Defendant, was reasonable to abate any public or private nuisance, and did not amount to trespass.

58.     As a **THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that the damages, if any, were caused by the act(s), omission(s), and/or conduct of a third party not in a contractual relationship with the responsible party.

59.     As a **THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that, if the subject property is found to be contaminated with hazardous substances, Plaintiff failed to take affirmative steps, conduct all appropriate inquiry, and exercise pre-purchase due diligence before taking title to the real property.

60.     As a **THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that, if the subject property is found to be contaminated with hazardous substances, Plaintiff knowingly took title to the real property.

61.     As a **THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges preemption by state or federal law.

62.     As a **THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant, based upon current information and belief, alleges that the underlying statute(s) on which Plaintiff brings its cause of action under Section 17200 of the California Business & Professions

Code, is unconstitutionally vague.

63.    As a **THIRTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Defendant, based upon current information and belief, alleges that, with respect to the cause of action brought by Plaintiff pursuant to Section 17200 of the California Business & Professions Code, the underlying violation did not occur, as any alleged act or practice was in compliance and/or did not violate the law at issue.

64.    As a **THIRTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Defendant, based upon current information and belief, alleges that Defendant did not act in a way that either violates the policy or spirit, or fits the interpretation of "unfair" as used by Section 17200 of the California Business & Professions Code.

65.    As a **THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Defendant, based upon current information and belief, alleges that Defendant's conduct, if any, was a standard industry practice that did not violate Section 17200 of the California Business & Professions Code.

66.    As a **FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,** Defendant, based upon current information and belief, alleges that Defendant did not act in a way that either was likely to mislead members of the public, or fits the interpretation of "fraudulent" or "misleading" as used by Section 17200 of the California Business & Professions Code.

67.    As a **FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant** alleges that it presently has insufficient knowledge or information on which to form a belief as to whether there may be additional, unstated affirmative defenses available.  Defendant reserves, herein, the right to assert additional defenses in the event that the discovery indicates they would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by reason of the Complaint or any claims stated therein;

2.    That the Complaint of Plaintiff and each cause of action contained therein, be dismissed with prejudice against this answering Defendant;

3.      That Defendant recovers its costs, disbursements, expenses, and any attorneys' fees to which it may now or in the future become entitled; and

4.      That the Court Order such other and further compensation and/or relief to this answering Defendant as it may deem just and proper under the circumstances.

DATED:  09/08/2021                        ADELSON McLEAN, APC

                                          _____
                                          Michael D. McLean
                                          Jaclyn R. Carney
                                          *Attorneys for Defendant*
                                          *AMERON INTERNATIONAL, INC.*

-11-

**CERTIFICATE OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 4100 Newport Place Dr. Suite 200, Newport Beach, CA 92660.

I hereby certify that on September 8, 2021, I will electronically file the foregoing **DEFENDANT AMERON INTERNATIONAL INC.'S ANSWER TO PLAINTIFF DP ETIWANDA, LLC'S COMPLAINT** with the Clerk of the court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

| | |
|---|---|
| Perry S. Hughes<br>Cox Castle and Nicholson, LLP<br>2029 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Tel.: (310) 284-2100<br>Fax: (310) 284-2200<br>Email: phughes@coscastle.com<br>*Attorney for Plaintiff*<br>*DP Etiwanda, LLC* | Cathy Moses<br>Cox Castle and Nicholson, LLP<br>50 California Street, Suite 3200<br>San Francisco, CA 94111<br>Tel.: (415) 262-5100<br>Fax: (415) 262-5199<br>Email: cmoses@coxcastle.com<br>*Attorney for Plaintiff*<br>*DP Etiwanda, LLC* |

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

_____
Evelyn Rodriguez

-1-