PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK E. ELLIOTT (SBN 157759)
mark.elliott@pillsburylaw.com
REBECCA M. LEE (SBN 312039)
rebecca.lee@pillsburylaw.com
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017-5406
Telephone:    213.488.7100
Facsimile:    213.629.1033

*Attorneys for Defendant*
SIMS GROUP USA CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DP ETIWANDA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SIMS GROUP USA CORPORATION, a New York corporation, SA RECYCLING, a Delaware limited liability company, AMERON INTERNATIONAL, INC., a Delaware corporation, TAMCO, a California corporation, FERROMET, INC., a California corporation, PACIFIC COAST RECYCLING, LLC, a California limited liability company and Does 1-20 inclusive,<br><br>Defendants. | Case No. 5:21-cv-01238 JGB (SPx)<br><br>Hon. Jesus G. Bernal<br><br>**DEFENDANT SIMS GROUP USA CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTER-CLAIMS AGAINST DP ETIWANDA LLC** |
| TAMCO,<br><br>Cross-Complainant,<br><br>vs.<br><br>DP ETIWANDA, LLC,<br><br>Cross-Defendant. | |
| SIMS GROUP USA CORPORATION,<br><br>Counter-Complainant,<br><br>vs.<br><br>DP ETIWANDA, LLC,<br><br>Counter-Defendant. | Trial Date: 1/16/2024 |

TO THE COURT, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:

COMES NOW Defendant SIMS GROUP USA CORPORATION (hereinafter, "Defendant SIMS") in answer to the First Amended Complaint ("FAC") of DP ETIWANDA, LLC ("DP ETIWANDA") herein, for itself and for no other Defendant, does admit, deny, and/or allege as follows:

## **INTRODUCTION**

1.     Answering Paragraph 1 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and denies such allegations on that basis.

2.     Answering Paragraph 2 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and denies such allegations on that basis.

3.     Answering Paragraph 3 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained in the first sentence of Paragraph 3 and denies such allegations on that basis. Defendant SIMS denies the allegations contained in the second sentence of Paragraph 3. Defendant SIMS further denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or otherwise.

4.     Answering Paragraph 4 of the Complaint, Defendant SIMS denies the allegations of Paragraph 4.

## **DEFENDANTS**

5.     Answering Paragraph 5 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and denies such allegations on that basis.

6.     Answering Paragraph 6 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and denies such allegations on that basis.

7.     Answering Paragraph 7 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and denies such allegations on that basis.

8.     Answering Paragraph 8 of the Complaint, Defendant SIMS denies the allegations contained in the first sentence of Paragraph 8. Defendant SIMS specifically denies that it "operated, controlled and/or used the Site…from 1984 to 2003." Defendant SIMS denies the second sentence of Paragraph 8.

9.     Answering Paragraph 9 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and denies such allegations on that basis.

10.     Answering Paragraph 10 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and denies such allegations on that basis.

11.     Answering Paragraph 11 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and denies such allegations on that basis.

12.     Answering Paragraph 12 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and denies such allegations on that basis.

## <u>JURISDICTION AND VENUE</u>

13.     Answering Paragraph 13 of the Complaint, Plaintiff's allegations are conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis.

14.     Answering Paragraph 14 of the Complaint, Plaintiff's allegations are conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis. Defendant SIMS otherwise denies the allegations of Paragraph 14.

15.     Answering Paragraph 15 of the Complaint, Plaintiff's allegations are

-2-

conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis. Defendant SIMS admits that it has transacted business in this district. Defendant SIMS otherwise denies the allegations of Paragraph 15.

16.     Answering Paragraph 16 of the Complaint, Defendant SIMS admits that the real property affected is in Rancho Cucamonga. Defendant SIMS otherwise denies the allegations of Paragraph 16.

## **FACTUAL ALLEGATIONS**

17.     Answering Paragraph 17 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and denies such allegations on that basis.

18.     Answering Paragraph 18 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and denies such allegations on that basis.

19.     Answering Paragraph 19 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and denies such allegations on that basis.

20.     Answering Paragraph 20 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and denies such allegations on that basis.

21.     Answering Paragraph 21 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and denies such allegations on that basis.

22.     Answering Paragraph 22 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and denies such allegations on that basis.

23.     Answering Paragraph 23 of the Complaint, Defendant SIMS denies the allegations of Paragraph 23.

24.     Answering Paragraph 24 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and denies such allegations on that basis.

25.     Answering Paragraph 25 of the Complaint, Defendant SIMS denies the allegations contained in Paragraph 25. To the extent Paragraph 25 contains conclusions of law, no responsive pleading is required and Defendant SIMS further denies such allegations on that basis.

26.     Answering Paragraph 26 of the Complaint, Defendant SIMS denies the allegations contained in Paragraph 26. To the extent Paragraph 26 contains conclusions of law, no responsive pleading is required and Defendant SIMS further denies such allegations on that basis.

27.     Answering Paragraph 27 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and denies such allegations on that basis.

## FIRST CAUSE OF ACTION

28.     Answering the allegations of Paragraph 28 of the Complaint, Defendant SIMS incorporates as though fully set forth herein its answers to Paragraphs 1 through 27, inclusive.

29.     Answering Paragraph 29 of the Complaint, Plaintiff's allegations are conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis.

30.     Answering Paragraph 30 of the Complaint, Plaintiff's allegations are conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis. Defendant SIMS otherwise denies the allegations of Paragraph 30.

31.     Answering Paragraph 31 of the Complaint, Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and denies such allegations on that basis.  Defendant

SIMS further states that Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis.

32.     Answering Paragraph 32 of the Complaint, Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis. Defendant SIMS otherwise denies the allegations of Paragraph 32.

33.     Answering Paragraph 33 of the Complaint, Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis. Defendant SIMS otherwise denies the allegations of Paragraph 33.

34.     Answering Paragraph 34 of the Complaint, Defendant SIMS denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or otherwise.

35.     Answering Paragraph 35 of the Complaint, Defendant SIMS denies that it is liable to Plaintiff's and denies that Plaintiff is entitled to any relief as requested or otherwise. Defendant SIMS otherwise denies the allegations of Paragraph 35.

## SECOND CAUSE OF ACTION

36.     Answering the allegations of Paragraph 36 of the Complaint, Defendant SIMS incorporates as though fully set forth herein its answers to Paragraphs 1 through 35, inclusive.

37.     Answering Paragraph 37 of the Complaint, Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis.

38.     Answering Paragraph 38 of the Complaint, Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis. Defendant SIMS otherwise denies the allegations of Paragraph 38.

39.     Answering Paragraph 39 of the Complaint, Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis.

40.     Answering Paragraph 40 of the Complaint, Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis. Defendant SIMS otherwise denies the allegations of Paragraph 40.

41.     Answering Paragraph 41 of the Complaint, Defendant SIMS denies the allegations of Paragraph 41. Defendant SIMS further states that Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis.

42.     Answering Paragraph 42 of the Complaint, Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis. Defendant SIMS otherwise denies the allegations of Paragraph 42.

43.     Answering Paragraph 43 of the Complaint, Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis.

44.     Answering Paragraph 44 of the Complaint, Defendant SIMS denies the allegations of Paragraph 44.

45.     Answering Paragraph 45 of the Complaint, Defendant SIMS denies the allegations of Paragraph 45.

46.     Answering Paragraph 46 of the Complaint, Defendant SIMS denies the allegations of Paragraph 46.

47.     Answering Paragraph 47 of the Complaint, Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis. Defendant SIMS denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or

1    otherwise. Defendant SIMS otherwise denies the allegations of Paragraph 47.

2         48.    Answering Paragraph 48 of the Complaint, Defendant SIMS denies that

3    it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or

4    otherwise. Defendant SIMS otherwise denies the allegations of Paragraph 48.

5                          **THIRD CAUSE OF ACTION**

6         49.    Answering the allegations of Paragraph 49 of the Complaint, Defendant

7    SIMS incorporates as though fully set forth herein its answers to Paragraphs 1

8    through 48, inclusive.

9         50.    Answering Paragraph 50 of the Complaint, Defendant SIMS denies that

10   it is liable to Plaintiff and denies that Plaintiff are entitled to any relief as requested

11   or otherwise.

12                         **FOURTH CAUSE OF ACTION**

13        51.    Answering the allegations of Paragraph 51 of the Complaint, Defendant

14   SIMS incorporates as though fully set forth herein its answers to Paragraphs 1

15   through 50, inclusive.

16        52.    Answering Paragraph 52 of the Complaint, Defendant SIMS denies the

17   allegations of Paragraph 52.

18        53.    Answering Paragraph 53 of the Complaint, Defendant SIMS denies the

19   allegations of Paragraph 53. Defendant SIMS further states that Plaintiff's

20   allegations contain conclusions of law to which no responsive pleading is required

21   and Defendant SIMS denies such allegations on that basis.

22        54.    Answering Paragraph 54 of the Complaint, Defendant SIMS denies that

23   it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or

24   otherwise. Defendant SIMS otherwise denies the allegations of Paragraph 54.

25        55.    Answering Paragraph 55 of the Complaint, Defendant SIMS denies that

26   it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or

27   otherwise. Defendant SIMS otherwise denies the allegations of Paragraph 55.

28

## FIFTH CAUSE OF ACTION

56.     Answering the allegations of Paragraph 56 of the Complaint, Defendant SIMS incorporates as though fully set forth herein its answers to Paragraphs 1 through 55, inclusive.

57.     Answering Paragraph 57, Defendant SIMS denies the allegations of Paragraph 57.

58.     Answering Paragraph 58 of the Complaint, Defendant SIMS denies the allegations of Paragraph 58.

59.     Answering Paragraph 59 of the Complaint, Defendant SIMS denies the allegations of Paragraph 59.

60.     Answering Paragraph 60 of the Complaint, Defendant SIMS denies the allegations of Paragraph 60.

## SIXTH CAUSE OF ACTION

61.     Answering the allegations of Paragraph 61 of the Complaint, Defendant SIMS incorporates as though fully set forth herein its answers to Paragraphs 1 through 60, inclusive.

62.     Answering Paragraph 62. of the Complaint, Defendant SIMS denies the allegations of Paragraph 62. Defendant SIMS further states that Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis.

63.     Answering Paragraph 63 of the Complaint, Defendant SIMS denies the allegations of Paragraph 63.

64.     Answering Paragraph 64 of the Complaint, Defendant SIMS denies the allegations of Paragraph 64.

65.     Answering Paragraph 65 of the Complaint, Defendant SIMS denies the allegations of Paragraph 65.

66.     Answering Paragraph 66 of the Complaint, Defendant SIMS denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or

1   otherwise.

2       67.    Answering Paragraph 67 of the Complaint, Defendant SIMS denies that

3   it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or

4   otherwise.

5       **SEVENTH CAUSE OF ACTION**

6       68.    Answering the allegations of Paragraph 68 of the Complaint, Defendant

7   SIMS incorporates as though fully set forth herein its answers to Paragraphs 1

8   through 67, inclusive.

9       69.    Answering Paragraph 68 of the Complaint, Defendant SIMS denies the

10   allegations of Paragraph 68. Defendant SIMS further states that Plaintiff's

11   allegations contain conclusions of law to which no responsive pleading is required

12   and Defendant SIMS denies such allegations on that basis.

13       70.    Answering Paragraph 70 of the Complaint, Defendant SIMS denies the

14   allegations of Paragraph 70. Defendant SIMS further states that Plaintiff's

15   allegations contain conclusions of law to which no responsive pleading is required

16   and Defendant SIMS denies such allegations on that basis.

17       71.    Answering Paragraph 71 of the Complaint, Defendant SIMS denies the

18   allegations of Paragraph 71. Defendant SIMS further states that Plaintiff's

19   allegations contain conclusions of law to which no responsive pleading is required

20   and Defendant SIMS denies such allegations on that basis.

21       72.    Answering Paragraph 72 of the Complaint, Defendant SIMS denies that

22   it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or

23   otherwise.

24       **EIGHTH CAUSE OF ACTION**

25       73.    Answering the allegations of Paragraph 73 of the Complaint, Defendant

26   SIMS incorporates as though fully set forth herein its answers to Paragraphs 1

27   through 72, inclusive.

28

74.     Answering Paragraph 74 of the Complaint, Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis.

75.     Answering Paragraph 75 of the Complaint, Defendant SIMS denies the allegations of Paragraph 75. Defendant SIMS further states that Plaintiff's allegations contain conclusions of law to which no responsive pleading is required and Defendant SIMS denies such allegations on that basis.

76.     Answering Paragraph 76 of the Complaint, Defendant SIMS denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or otherwise. Defendant SIMS otherwise denies the allegations of Paragraph 76.

## PRAYER FOR RELIEF

Defendant SIMS denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or otherwise.  To the extent Plaintiff's request for relief contains legal contentions and conclusions, Defendant SIMS is not required to admit or deny them, and, to the extent it contains other factual matters, Defendant SIMS denies each and every one of them.

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant SIMS sets forth the following matters constituting an avoidance or affirmative defense:

## FIRST AFFIRMATIVE DEFENSE

1.     As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff's Complaint and each claim contained therein is barred on the grounds that the Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff lacks standing to assert the claims in their Complaint because they have not suffered damage or injury.

-10-

### THIRD AFFIRMATIVE DEFENSE

3.      As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that the Complaint and each claim contained therein is barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4.      As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

5.      As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6.      As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that to the extent the Plaintiff has suffered any harm, any such alleged harm was caused in whole or in part by the acts, wrongs, or omissions of other persons, entities, preexisting conditions, forces, and/or things over which Defendant SIMS had no control and for which Defendant SIMS is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

7.      As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that to the extent that Plaintiff has suffered any harm, such alleged harm was caused in whole or in part by the Plaintiff and/or by third parties unrelated by contract or otherwise to Defendant SIMS.

### EIGHTH AFFIRMATIVE DEFENSE

8.      As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that the causes of action alleged in Plaintiff's Complaint are barred by the applicable statutes of limitation, including, without

limitation, California Code of Civil Procedure sections 335, 338(a), (b), and (c); 338.1, 340, 340.8, and 343; Health and Safety Code section 25363 and 25360.4; and CERCLA section 113.

## NINTH AFFIRMATIVE DEFENSE

9.      As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that any injuries and damages that Plaintiff may have sustained, as alleged in Plaintiff's Complaint, were proximately caused by the negligence and fault of Plaintiff.  Plaintiff failed and neglected to exercise ordinary care, caution and prudence with respect to the injuries and matters alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

10.     As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that any injuries and damages that Plaintiff may have sustained, as alleged in Plaintiff's Complaint, were proximately caused by the knowing and voluntary assumption of the risk by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that any injuries and damages that Plaintiff may have sustained, as alleged in Plaintiff's Complaint, to the extent not caused by the negligence and fault of Plaintiff, were proximately caused by the negligence or fault of persons or entities other than Defendant SIMS, over whom Defendant SIMS had no control, and for whose negligence and fault Defendant SIMS is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

12.     As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff, at all relevant times, failed to take reasonable action to mitigate the injuries and damages alleged in Plaintiff's Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that insofar as Plaintiff alleges violation of regulations and standards set and enforced by governmental agencies, including but not limited to the United States Environmental Protection Agency, the California Air Resources Board, South Coast Air Quality Management District, Regional Water Quality Control Board, Los Angeles Region, California Department of Health, and the Department of Toxic Substances Control, the primary jurisdiction over these matters resides with the governmental agencies and this Court should dismiss Plaintiff's claims based thereon.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that all conduct and activity of Defendant SIMS alleged in the Plaintiff's Complaint conformed to or exceeded all statutes, government regulations and industry standards applicable at the time of said conduct and activity.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that the actions of Defendant SIMS conformed to industry standards and practices and were based upon the state of knowledge existing at the time such actions took place.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Defendant SIMS owed no legal duty of care to Plaintiff and is therefore not liable for any injury or damage suffered by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, the causes of action alleged in Plaintiff's

-13-

Complaint are barred by the doctrine of waiver because Plaintiff engaged in conduct sufficient to constitute a waiver of any alleged breach of duty, act, omission, or any other conduct, if any, of Defendant SIMS alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, Plaintiff's Complaint, and each claim contained therein, is barred on the ground that Defendant SIMS is not liable for any acts or omissions undertaken by or at the direction or sufferance of any local, state, or federal authority, including, but not limited to, acts or omissions made in accordance with permits, regulations, ordinances, statutes, and laws applicable at the time the acts or omissions alleged in the Complaint, if any, occurred.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff's injuries, if any, were caused by an act of God, not by any act of Defendant SIMS and, accordingly, Plaintiff may not recover damages from Defendant SIMS.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that each and every claim and cause of action asserted in Plaintiff's Complaint is barred by some supervening and/or intervening or other outside cause not the responsibility of Defendant SIMS.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that there are other persons, parties and/or defendants who are at fault and proximately caused Plaintiff's injuries, if any.  If Defendant SIMS is responsible to Plaintiff, which responsibility is expressly denied, Defendant SIMS is only liable for its proportionate share of non-economic damages, if any, as set forth in Civil Code section 1431.2.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff's nuisance and trespass claims are barred because Defendant SIMS had no control over the instrumentality allegedly causing a nuisance or trespass, when created.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff's nuisance and trespass claims are barred, in whole or in part, because the public benefits of Defendant SIMS's conduct outweigh any alleged harm resulting from the conduct.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that with respect to Plaintiff's causes of action for Continuing Public Nuisance, Continuing Private Nuisance, and Trespass, no cause of action arises because the conditions alleged by Plaintiff (which Defendant SIMS denies) cannot reasonably be abated and/or do not constitute a continuing nuisance or trespass.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff's Complaint, and each cause of action therein, is barred because Defendant SIMS's conduct did not substantially and/or unreasonably interfere with Plaintiff's use and enjoyment of their real and personal property.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff's Complaint, and each and every cause of action therein, is barred because no substances under Defendant SIMS's control or emanating from the site in question improperly or unlawfully trespassed

-15-

into Plaintiff's property or caused Plaintiff any actual damage.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff's Complaint, and each cause of action therein, is barred because Defendant SIMS's actions, at all times, were reasonable and necessary to the operation of its business in a properly zoned district.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that at all relevant times, Defendant SIMS acted with due care and in accordance with all statutory and regulatory requirements.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that Plaintiff has failed to state a claim upon which attorneys' fees and costs can be awarded.

### THIRTIETH AFFIRMATIVE DEFENSE

30.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that each cause of action set forth in Plaintiff's Complaint is barred on the grounds that it is preempted by federal and/or state law, in that the alleged causes of action purport to impose requirements and standards different from and in conflict with the standards imposed by federal and/or state law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, in the event that materials were released by Defendant SIMS, the volume and toxicity of such were *de minimis*, both in absolute terms and relative to the contributions of other parties, and therefore were insufficient as a matter of law to give rise to liability.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that each cause of action set forth in Plaintiff's Complaint is barred on the grounds that Plaintiff has failed to plead that Defendant SIMS had such a unity of interest or ownership with any operator on the Site such that the corporate veil may be pierced to impose liability on Defendant SIMS for the conduct of a subsidiary corporation.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that each cause of action set forth in Plaintiff's Complaint is barred on the grounds that while Defendant SIMS acquired the stock of a subsidiary entity that may have operated on the Property, it did not acquire the liability of the subsidiary entity and Plaintiff has failed to plead any facts that provide any basis for imposing corporate successor liability on Defendant SIMS.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    As a separate and affirmative defense, if CERCLA can be applied to Defendant SIMS, which Defendant SIMS denies, Defendant SIMS was not at any time, present or past, an owner or operator of the alleged facility, nor did Defendant SIMS by contract, agreement, or otherwise arrange for disposal or treatment, or arrange with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by Defendant SIMS, or by any other party or entity, at the alleged facility, nor did Defendant SIMS accept any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by Defendant SIMS.  42 U.S.C. § 9607(a)(1)-(4).  Therefore, Defendant SIMS is not a potentially liable party herein.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, that if Defendant SIMS is found liable to Plaintiff

-17-

under CERCLA, Plaintiff's claims under CERCLA or other law are barred insofar as they seek to recover costs that are not "necessary costs of response" incurred "consistent with the National Contingency Plan," as required by CERCLA § 107(a), 42 U.S.C. § 9607(a).

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.   As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, Plaintiff's claim for natural resource damages is barred by the provisions barring initiation of an action for such damages prior to selection of the remedy, as set forth in Section 113 of CERCLA.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.   As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, Plaintiff's claim for natural resource damages is barred by Section 107(f) to the extent that it seeks recovery for injury to, loss or destruction of resources that it cannot prove result from releases of hazardous substances by Defendant SIMS.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.   As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, to the extent the statute upon which the Complaint purports to be based, 42 U.S.C. §§ 9601 et seq., has been violated, any such violation was caused in whole or in part by the acts, wrongs, or omissions of other persons, entities, preexisting conditions, forces, and/or things over which Defendant SIMS had no control and for which Defendant SIMS is not responsible.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.   As a separate and affirmative defense, Defendant SIMS is informed and believes, and on that basis alleges, to the extent the statute upon which the Complaint purports to be based, 42 U.S.C. §§ 9601 et seq., has been violated, any such violation was caused in whole or in part by the acts, wrongs, or omissions of other persons, entities, preexisting conditions, forces, and/or things over which Defendant SIMS

1  had no control and for which Defendant SIMS is not responsible.

2  ### FORTIETH AFFIRMATIVE DEFENSE

3  40.   As a separate and affirmative defense, Defendant SIMS is informed and

4  believes, and on that basis alleges, Defendant SIMS was not an "owner or operator"

5  pursuant to 42 U.S.C. § 9601(20)(A) such that it would be liable for response costs

6  for any alleged environmental impacts to the Site.

7  ### FORTY-FIRST AFFIRMATIVE DEFENSE

8  41.   As a separate and affirmative defense, Defendant SIMS is informed and

9  believes, and on that basis alleges, to the extent the statute upon which the Complaint

10  purports to be based, California Business & Professions Code section 17200 et seq.,

11  has been violated, only public law enforcement officials, not private litigants may

12  recover civil penalties, pursuant to Bus. & Prof. C. §§ 17206, 17536.

13  ### FORTY-SECOND AFFIRMATIVE DEFENSE

14  42.   As a separate and affirmative defense, Defendant SIMS has insufficient

15  knowledge or information upon which to form a belief as to whether it may have

16  additional, as yet unstated, separate defenses available.  Defendant SIMS reserves

17  the right to amend this Answer to add, delete, or modify defenses based upon legal

18  theories which may or will be divulged through discovery or through further legal

19  analysis of Plaintiffs' positions in this litigation.

20  ### PRAYER FOR RELIEF

21  WHEREFORE, Defendant SIMS prays that:

22  1.   Plaintiff takes nothing by the way of its Complaint;

23  2.   That the Complaint, and each claim for relief contained therein, be

24  dismissed against Defendant SIMS with prejudice;

25  3.   That judgement is entered in favor of Defendant SIMS;

26  4.   That Defendant SIMS recovers its costs and such other further relief as

27  the Court may deem just and proper;

28

-19-

1    5.    That the Court grant such other and further relief as it may deem just

2    and proper.

3    Dated:  May 31, 2022                    Respectfully Submitted,

4                                            PILLSBURY WINTHROP SHAW
                                             PITTMAN LLP
5                                            MARK E. ELLIOTT
                                             REBECCA M. LEE
6
7                                            By:      */s/ Mark E. Elliott*
                                                   Mark E. Elliott
8
                                             Attorneys for Defendant
9                                            SIMS GROUP USA CORPORATION

DEF SIMS' FIRST AMENDED ANSWER
AND COUNTERCLAIM
Case No. 5:21-CV-01238 JGB (SPx)

## COUNTER-CLAIM AGAINST DP ETIWANDA

Defendant and Counter-Claimant Sims Group USA Corporation ("Counter-Claimant" or "SIMS") brings this Counterclaim against Plaintiff and Counter-Defendant DP Etiwanda, LLC ("Counter-Defendant" or "DP ETIWANDA") and alleges upon knowledge as to its own acts, and upon information and belief as to the acts of all others, as follows:

## NATURE OF THE ACTION

1.      Counter-Claimant files this Counterclaim in order to avoid or minimize its alleged liability associated with responding to any environmental impacts alleged in the Complaint.

2.      The area of alleged environmental impacts for which Counter-Claimant seeks relief includes the real property located at 8822 Etiwanda Avenue, Rancho Cucamonga, California (the "Property") and areas to which the alleged constituents have migrated outside the boundaries of the Property (the "Site").

## PARTIES

3.      Counter-Claimant SIMS is a Delaware Corporation.

4.      As alleged in Paragraph 4 of DP Etiwanda's Complaint, Counter-Defendant is the current owner of the Property and fully controls the Property.  On information and belief, Counter-Defendant has been the owner of the Property since approximately August 16, 2016.

5.      Counter-Defendant DP Etiwanda has brought claims against Counter-Claimant in this action seeking declaratory relief and cost recovery under CERCLA, as well as various state law claims for damages, restitution, and disgorgement of profits.

## JURISDICTION, VENUE, AND NOTICE

6.      This Court has jurisdiction over the subject matter of Counter-Claimant's First Cause of Action pursuant to 28 U.S.C. Section 1331 and 42 U.S.C. Section 9613. These counterclaims are brought under the Comprehensive

-21-

Environmental Response, Compensation and Liability Act, 42 U.S.C. Sections 9601, *et seq.* ("CERCLA"), arising out of alleged environmental impacts to the Property owned by DP Etiwanda with hazardous constituents.

7. The state law claims alleged in this Counterclaim are related to the federal claims pursuant to 28 U.S.C. Section 1367(a) and fall within the Court's supplemental jurisdiction. The state law claims that Counter-Claimant asserts are so related to the federal claims that such claims form part of the same case or controversy under Article III of the United States Constitution.

8. This Court has jurisdiction over Counter-Defendant because Counter-Defendant conducts business in California, has sufficient minimum contacts with California, and otherwise intentionally availed itself to the jurisdiction of this Court. In addition, the Counter-Defendant's misconduct with respect to the subject Property occurred in California and foreseeably affects California citizens.

9. Venue is proper in this Court pursuant to CERCLA Section 113(b) because the releases, occurrences, and damages detailed herein occurred in this district, and the subject Property is situated in this district. 42 U.S.C. § 9613(b).

10. Additionally, a substantial part of the events or omissions giving rise to these claims, and the real property affected, is in Rancho Cucamonga, which is in this District. 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

11. As alleged in Paragraph 2 of DP Etiwanda's Complaint, the Site has been impacted by the presence of constituents such as metals, total petroleum hydrocarbons ("TPH"), polychlorinated tetrachloroethylene ("PCE"), polychlorinated biphenyls ("PCBs"), and other substances.

12. As alleged in Paragraphs 3 and 25 of DP Etiwanda's Complaint, Counter-Defendant, the current owner of the Property, has spent millions of dollars investigating and cleaning up the alleged environmental impacts at the Site.

13.     As alleged in Paragraphs 16 and 19 of DP Etiwanda's Complaint, Counter-Defendant has engaged in redevelopment activities at the Property, including but not limited to scraping and grading activities.

14.     On information and belief, Counter-Defendant caused or contributed to the past or present handling, storage, treatment, transportation, generation, release, or disposal of hazardous constituents, hazardous waste, and/or solid waste into the environment in, at, and around the Site, including in soil, land, subsurface strata, air, vapor, groundwater, and/or surface water, because Counter-Defendant owned, controlled, and/or operated the Property from which hazardous substances, hazardous waste, and/or solid waste were released or otherwise discarded, and failed to exercise due care or to prevent or abate the alleged hazardous substances, hazardous constituents, and/or solid waste impacts.

15.     On information and belief, once released into the environment, these hazardous substances, hazardous waste, and/or solid wastes have continued to spread and migrate within the environment at the Site without abatement by Counter-Defendant.

16.     On information and belief, as a result of Counter-Defendant's failure to abate the alleged environmental impacts, Counter-Claimant has incurred and will incur response costs in connection with the investigation and remediation of the alleged environmental impacts.

17.     On information and belief, Counter-Defendant did not make all appropriate inquiries when purchasing the Property, were not passive owners of the Property, and did not take any preventive actions or measures to avoid, prevent, reduce, or mitigate known or foreseeable releases of hazardous substances at the Property.

# FIRST CAUSE OF ACTION
## (Contribution – CERCLA § 113(f))
### (Against Counter-Defendant)

18.     Counter-Claimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 17, inclusive, as though set forth in full herein.

19.     Total petroleum hydrocarbons ("TPH"), polychlorinated tetrachloroethylene ("PCE"), polychlorinated biphenyls ("PCBs")—the constituents alleged to be present at the Property—constitute and contain "hazardous substances" within the meaning of CERCLA 42 U.S.C. Section 9601(14).

20.     On information and belief, Counter-Defendant used, disposed, discharged, deposited, spilled, released, and/or arranged for the release on the soil and in the ground and/or surface waters hazardous substances, causing those substances to enter the environment.  Counter-Defendant is the current owner and operator of the Property, from which there are and have been releases of hazardous substances and from which releases will occur in the future.  Counter-Defendant's ownership and operation of the Property has contributed to the migration, release, and spreading of hazardous substances into the environment.

21.     Counter-Defendant is a "person" as that term is defined in CERCLA Section 101(21), 42 U.S.C. Section 9601(21).

22.     The Property owned by Counter-Defendant upon which hazardous substances were disposed of and/or discharged constitutes a "facility," as that term is defined in CERCLA Section 101(9), 42 U.S.C. Section 9601(9).

23.     Counter-Defendant is the current owner and operator of the Property. Counter-Defendant is thereby a "covered person" within the meaning of CERCLA Section 107(a), 42 U.S.C. Section 9607(a).

24.     Counter-Defendant has alleged that a "release" or threatened release of a "hazardous substance," as those terms are defined in CERCLA Sections 101(22),

-24-

(14), 42 U.S.C. Sections 9601(22), (14), has occurred at the Site.

25.    As alleged by Counter-Defendant, Counter-Claimant is a "covered person" within the meaning of CERCLA Section 107(a), 42 U.S.C. Section 9607(a), has been sued under CERCLA, 42 U.S.C. Section 9607(a), by Counter-Defendant, and thus is a proper party to bring an action under CERCLA Section 113(f), 42 U.S.C. Section 9613(f).

26.    Pursuant to CERCLA Section 9613(f), Counter-Claimant is entitled to contribution from any other person who is liable or potentially liable under CERCLA for any amount that Counter-Claimant is found liable for necessary costs incurred responding to the alleged release or threatened release of hazardous substances at the Site.  If Counter-Claimant is in the future held liable to Counter-Defendant, then it is entitled to contribution from Counter-Defendant for some or all of any amounts for which it is held liable and is required to pay.

27.    Pursuant to CERCLA Sections 9607(a) and 9613(f), Counter-Defendant is strictly, and jointly and severally, liable, or is otherwise liable as provided by applicable law, to Counter-Claimant for cost recovery and contribution for all necessary response costs incurred by Counter-Claimant in the past and in the future in responding to the released hazardous substances.

28.    Counter-Claimant seeks cost recovery, reimbursement, and/or contribution from Counter-Defendant based on its status as owner, operator, discharger, arranger, and/or transporter of hazardous mate4rials, substances, and wastes pursuant to CERCLA Sections 9607(a) and 9613(f), for all response costs and natural resource damages that Counter-Claimant has and will incur as a result of the release of hazardous substances onto the Property.

## SECOND CAUSE OF ACTION
### (Declaratory Relief – CERCLA § 113(g))
### (Against Counter-Defendant)

29.     Counter-Claimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 28, inclusive, as though set forth in full herein.

30.     Pursuant to CERCLA Section 113(f), 42 U.S.C. Section 9613(f), Counter-Claimant is entitled to contribution from any other person who is liable or potentially liable under CERCLA for any amount for which Counter-Claimant is held responsible in responding to the presence of hazardous substances at the Site, and to the actual or threatened release of such hazardous substances.

31.     Because the extent and magnitude of the alleged environment impact to the Site is not fully known at this time, and because the alleged environmental impacts have not been fully mitigated (assuming further mitigation is required), necessary response costs for which Counter-Claimant may be held liable as a result of Counter-Defendant's CERCLA action will continue to be incurred.

32.     Accordingly, an actual legal controversy exists between Counter-Claimant, on the one hand, and Counter-Defendant, on the other hand.  Counter-Claimant contends that it is entitled to indemnification and contribution based on the above-described threatened or actual liability.  Counter-Claimant is informed and believes that Counter-Defendant contends otherwise.

33.     Counter-Claimant desires and is entitled to a declaratory judgment pursuant to 28 U.S.C. Section 2201, *et seq.*, and CERCLA Sections 113 (f) and (g)(2), 42 U.S.C. Sections 9613 (f) and (g)(2), establishing liability of Counter-Defendant for such costs and damages for the purpose of this and any subsequent action or actions and declaring that (1) Counter-Defendant is jointly and severally liable for Counter-Claimant's response costs and natural resource damages for which it is alleged to be liable, or alternatively, is liable for contribution for its equitable

allocation thereof, and (ii) Counter-Claimant has acted reasonably and in good faith and is not liable under CERCLA to any third party or Counter-Defendant in any manner, as a result of disposals and releases of Counter-Defendant and others as alleged herein, or alternatively, has a de minimis or zero equitable allocation or share of the same.  No adequate or speedy remedy exists for Counter-Claimant in the absence of such a judicial declaration.

34.     Counter-Claimant further requests that this Court, after entering a declaratory judgment as prayed herein, retain jurisdiction over this action, pursuant to 28 U.S.C. Section 2202, and grant Counter-Claimant such further relief against Counter-Defendant as is necessary and proper to effectuate the Court's declaration.

### THIRD CAUSE OF ACTION
**(Contribution Under the HSAA – Cal. Health & Saf. Code § 25363(d))**
**(Against Counter-Defendant)**

35.     Counter-Claimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 34, inclusive, as though set forth in full herein.

36.     The California Hazardous Substance Account Act ("HSAA"), California Health & Safety Code § 25300 et seq., provides for an action by parties who have been held liable for removal or remedial action costs under the HSAA. Pursuant to the HSAA, such parties may seek contribution or indemnity for those costs from any person who is a "responsible party" under Health & Safety Code § 25323.5.

37.     Counter-Defendant is a "person" within the meaning of HSAA, California Health & Safety Code § 25319, and a "responsible party" or "liable person" within the meaning of the HSAA, California Health & Safety Code § 25323.5.

38.     Counter-Defendant is liable to Counter-Claimant pursuant to California Health & Safety Code § 25363(d) in contribution or indemnity, to the extent that

-27-

Counter-Claimant is held liable or responsible for any costs pursuant to or otherwise recoverable under the HSAA.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief: Equitable Indemnity/Contribution)
### (Against Counter-Defendant)

39.    Counter-Claimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 38, inclusive, as though set forth in full herein.

40.    An actual controversy has arisen and now exists between Counter-Claimant and Counter-Defendant in that Counter-Claimant contends, and, on information and belief, Counter-Defendant denies, the following:

(a)    That, as between Counter-Claimant and Counter Defendant, responsibility, if any, for damages arising from or relating to the alleged environmental impact to the Site rests entirely or partially on Counter-Defendant; and

(b)    That, as a result, Counter-Defendant is obligated to partially or fully indemnify Counter-Claimant for any sums that Counter-Claimant may be compelled to pay as the result of any damages, judgment, or other awards recovered against Counter-Claimant as a result of such alleged environmental impacts.

41.    Counter-Claimant desires a judicial determination of the respective rights and duties of Counter-Claimant and Counter-Defendant of the comparative liability of Counter-Claimant and Counter-Defendant for these damages, and a declaration of Counter-Defendant's responsibility for equitable indemnity to Counter-Claimant for any sums that Counter-Claimant may be compelled to pay and for which Counter-Defendant is determined to be responsible, entirely or in part.

42.    Such a declaration is necessary and appropriate at this time so that Counter-Claimant may ascertain its rights and duties, if any, with respect to Counter-

-28-

Defendant's and other persons' present and future claims for damages.  Furthermore, Counter-Claimant's and Counter Defendant's claims arise out of the same transaction (i.e., the alleged environmental impacts to the Site) and determination of both in one proceeding is necessary and appropriate in order to avoid a multiplicity of actions.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Claimant respectfully requests that judgment be entered in its favor for the following:

1.      For contribution under CERCLA and the HSAA, according to proof;

2.      For a judicial declaration under CERCLA and the HSAA that Counter-Defendant is liable for its equitable share of all present and future response costs and other damages allegedly incurred in connection with the Site, according to proof;

3.      For all costs of suit herein;

4.      For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Counter-Claimant hereby demands trial by jury of any and all issues so triable.


Dated:  May 31, 2022                    PILLSBURY WINTHROP SHAW
                                        PITTMAN LLP
                                        MARK E. ELLIOTT
                                        REBECCA M. LEE


                                        By:_____*/s/ Mark E. Elliott*_____
                                              Mark E. Elliott

                                        Attorneys for Defendant
                                        SIMS GROUP USA CORPORATION

-29-