PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK E. ELLIOTT (SBN 157759)
mark.elliott@pillsburylaw.com
REBECCA M. LEE (SBN 312039)
rebecca.lee@pillsburylaw.com
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017-5406
Telephone:    213.488.7100
Facsimile:    213.629.1033

*Attorneys for Cross-Defendant*
SIMS GROUP USA CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DP ETIWANDA, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>  vs.<br><br>SIMS GROUP USA CORPORATION, a New York corporation, SA RECYCLING, a Delaware limited liability company, AMERON INTERNATIONAL, INC., a Delaware corporation, TAMCO, a California corporation, FERROMET, INC., a California corporation, PACIFIC COAST RECYCLING, LLC, a California limited liability company and Does 1-20 inclusive,<br><br>    Defendants. | Case No. 5:21-cv-01238 JGB (SPx)<br><br>Hon. Jesus G. Bernal<br><br>**CROSS-DEFENDANT SIMS GROUP USA CORPORATION'S ANSWER TO AMERON INTERNATIONAL, INC.'S CROSS-COMPLAINT; CROSS-CLAIMS AGAINST AMERON INTERNATIONAL, INC.** |
| TAMCO,<br>    Cross-Complainant,<br><br>  vs.<br><br>DP ETIWANDA, LLC,<br>    Cross-Defendant. | Trial Date: 1/16/2024 |

SIMS GROUP USA CORPORATION,

                   Counter-Complainant,

    vs.

DP ETIWANDA, LLC,

                   Counter-Defendant.

AMERON INTERNATIONAL, INC.,

                 Cross-Complainant,

    vs.

SIMSMETAL USA CORP.; SA
RECYCLING; FERROMET, INC.;
PACIFIC COAST RECYCLING; and
ROES 1 through 100, inclusive,

                  Cross-Defendants.

TO THE COURT, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:

COMES NOW Cross-Defendant SIMS GROUP USA CORPORATION (hereinafter, "Cross-Defendant" or "SIMS") in answer to the Cross-Claim of AMERON INTERNATIONAL, INC. ("Cross-Complainant" or "AMERON") herein, for itself and for no other Cross-Defendant, does admit, deny, and/or allege as follows:

## JURISDICTION AND VENUE

1.    Answering Paragraph 1 of the Cross-Complaint, Cross-Complainant's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis.

2.    Answering Paragraph 2 of the Cross-Complaint, Cross-Complainant's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis.

## ALLEGATIONS

3.    Answering Paragraph 3 of the Cross-Complaint, Cross-Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the

truth of the allegations of contained in Paragraph 3 and denies such allegations on that basis.

4.      Answering Paragraph 4 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations contained in Paragraph 4. Cross-Defendant SIMS specifically denies that it "owned, operated, controlled and/or used the Site…from 1998 to 2003."

5.      Answering Paragraph 5 of the Cross-Complaint, Cross-Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and denies such allegations on that basis.

6.      Answering Paragraph 6 of the Cross-Complaint, Cross-Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and denies such allegations on that basis.

7.      Answering Paragraph 7 of the Cross-Complaint, Cross-Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and denies such allegations on that basis.

8.      Answering Paragraph 8 of the Cross-Complaint, Cross-Complainant's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis.

9.      Answering Paragraph 9 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 9.  To the extent Paragraph 9 contains conclusions of law, no responsive pleading is required and Cross-Defendant SIMS further denies such allegations on that basis.

10.     Answering Paragraph 10 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 10.  To the extent Paragraph 10 contains conclusions of law, no responsive pleading is required and Cross-Defendant SIMS further denies such allegations on that basis.

11.     Answering Paragraph 11 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 11.  To the extent Paragraph 11 contains

-2-

conclusions of law, no responsive pleading is required and Cross-Defendant SIMS further denies such allegations on that basis.

12. Answering Paragraph 12 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 12. To the extent Paragraph 12 contains conclusions of law, no responsive pleading is required and Cross-Defendant SIMS further denies such allegations on that basis.

13. Answering Paragraph 13 of the Cross-Complaint, Cross-Defendant SIMS denies that it is liable to Cross-Complainant, and denies that Cross-Complainant is entitled to any relief as requested or otherwise. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 13.

14. Answering Paragraph 14 of the Cross-Complaint, Cross-Defendant SIMS denies that it is liable to Cross-Complainant, and denies that Cross-Complainant is entitled to any relief as requested or otherwise. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 14.

## FIRST CAUSE OF ACTION
### (Contribution Pursuant to CERCLA section 113(f)(1))
### (Against Cross-Defendant)

15. Answering the allegations of Paragraph 15 of the Cross-Complaint, Cross-Defendant SIMS incorporates as though fully set forth herein its answers to Paragraphs 1 through 14, inclusive.

16. Answering Paragraph 16 of the Cross-Complaint, Cross-Complainant's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis.

17. Answering Paragraph 17 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 17.

18. Answering Paragraph 18 of the Cross-Complaint, Cross-Defendant SIMS denies that it is liable to Plaintiff and denies that Cross-Complainant is entitled to any relief as requested or otherwise. Cross-Defendant SIMS otherwise denies the

-3-

allegations of Paragraph 18.

19.    Answering Paragraph 19 of the Cross-Complaint, no responsive pleading is required, and Cross-Defendant SIMS responds to Cross-Complainant's prayer for judgement as set forth below.

**SECOND CAUSE OF ACTION**
**(Contribution and Indemnity Pursuant to Cal.**
**Health & Safety Code section 25363)**
**(Against Cross-Defendant)**

20.    Answering the allegations of Paragraph 20 of the Cross-Complaint, Cross-Defendant SIMS incorporates as though fully set forth herein its answers to Paragraphs 1 through 19, inclusive.

21.    Answering Paragraph 21 of the Cross-Complaint, Plaintiff's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis.

22.    Answering Paragraph 22 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 22.

23.    Answering Paragraph 23 of the Cross-Complaint, Cross-Defendant SIMS denies that it is liable to Cross-Complainant and denies that Cross-Complainant is entitled to any relief as requested or otherwise. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 23.

24.    Answering Paragraph 24 of the Cross-Complaint, no responsive pleading is required, and Cross-Defendant SIMS responds to Cross-Complainant's prayer for judgement as set forth below.

**THIRD CAUSE OF ACTION**
**(Contribution Pursuant to Cal. Civil Code section 1432 and**
**Cal. Code of Civ. Proc. section 875)**
**(Against Cross-Defendant)**

25.    Answering the allegations of Paragraph 25 of the Cross-Complaint, Cross-Defendant SIMS incorporates as though fully set forth herein its answers to

-4-

Paragraphs 1 through 24, inclusive.

26. Answering Paragraph 26 of the Cross-Complaint, Cross-Complaint's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis.

27. Answering Paragraph 27 of the Cross-Complaint, Cross-Complaint's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis.

28. Answering Paragraph 28 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 28.

29. Answering Paragraph 29 of the Cross-Complaint, Cross-Defendant SIMS denies that it is liable to Cross-Complainant and denies that Cross-Complainant is entitled to any relief as requested or otherwise. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 29.

30. Answering Paragraph 30 of the Cross-Complaint, no responsive pleading is required, and Cross-Defendant SIMS responds to Cross-Complainant's prayer for judgement as set forth below.

## FOURTH CAUSE OF ACTION
### (Equitable Indemnity Under Common Law)
### (Against Cross-Defendant)

31. Answering the allegations of Paragraph 31 of the Cross-Complaint, Cross-Defendant SIMS incorporates as though fully set forth herein its answers to Paragraphs 1 through 30, inclusive.

32. Answering Paragraph 32 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 32.

33. Answering Paragraph 33 of the Cross-Complaint, Cross-Complainant's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 33.

34.     Answering Paragraph 34 of the Cross-Complaint, Cross-Defendant SIMS denies that it is liable to Cross-Complainant and denies that Cross-Complainant is entitled to any relief as requested or otherwise. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 34.

35.     Answering Paragraph 35 of the Cross-Complaint, no responsive pleading is required, and Cross-Defendant SIMS responds to Cross-Complainant's prayer for judgement as set forth below.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief Pursuant to CERCLA section 113(g)(2) and Other Federal and State Laws)
### (Against Cross-Defendant)

36.     Answering the allegations of Paragraph 36 of the Cross-Complaint, Cross-Defendant SIMS incorporates as though fully set forth herein its answers to Paragraphs 1 through 35, inclusive.

37.     Answering Paragraph 37 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 37.

38.     Answering Paragraph 38 of the Cross-Complaint, Cross-Complainant's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 38.

39.     Answering Paragraph 39 of the Cross-Complaint, Cross-Defendant SIMS denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or otherwise. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 39.

## SIXTH CAUSE OF ACTION
### (Trespass)
### (Against Cross-Defendant)

40.     Answering the allegations of Paragraph 40 of the Cross-Complaint, Cross-Defendant SIMS incorporates as though fully set forth herein its answers to

Paragraphs 1 through 39, inclusive.

41.     Answering Paragraph 41 of the Cross-Complaint, Cross-Defendant SIMS also incorporates as though fully set forth herein its answers to Paragraphs 1 through 35, inclusive.

42.     Answering Paragraph 42 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 42.

43.     Answering Paragraph 43 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 43.

44.     Answering Paragraph 44 of the Cross-Complaint, Cross-Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained in Paragraph 44 and denies such allegations on that basis. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 44.

45.     Answering Paragraph 45 of the Cross-Complaint, Cross-Defendant SIMS denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or otherwise. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 45.

## SEVENTH CAUSE OF ACTION
### (Private Nuisance)
### (Against Cross-Defendant)

46.     Answering the allegations of Paragraph 46 of the Cross-Complaint, Cross-Defendant SIMS incorporates as though fully set forth herein its answers to Paragraphs 1 through 45, inclusive.

47.     Answering Paragraph 47 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 47.

48.     Answering Paragraph 48 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 48.

49.     Answering Paragraph 49 of the Cross-Complaint, Cross-Defendant

-7-

SIMS denies the allegations of Paragraph 49.

50.     Answering Paragraph 50 of the Cross-Complaint, Cross-Defendant SIMS denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or otherwise. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 50.

## EIGHTH CAUSE OF ACTION
### (Public Nuisance)
### (Against Cross-Defendant)

51.     Answering the allegations of Paragraph 51 of the Cross-Complaint, Cross-Defendant SIMS incorporates as though fully set forth herein its answers to Paragraphs 1 through 50, inclusive.

52.     Answering Paragraph 52 of the Cross-Complaint, Cross-Defendant SIMS denies the allegations of Paragraph 52.

53.     Answering Paragraph 53 of the Cross-Complaint, Cross-Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained in Paragraph 53 and denies such allegations on that basis. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 53.

54.     Answering Paragraph 54 of the Cross-Complaint, Cross-Defendant SIMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained in Paragraph 54 and denies such allegations on that basis. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 54.

55.     Answering Paragraph 55 of the Cross-Complaint, Cross-Complainant's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 55.

56.    Answering Paragraph 56 of the Cross-Complaint, Cross-Complainant's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 56.

57.    Answering Paragraph 57 of the Cross-Complaint, Cross-Defendant SIMS denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or otherwise. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 57.

### NINTH CAUSE OF ACTION
### (Negligence)
### (Against Cross-Defendant)

58.    Answering the allegations of Paragraph 58 of the Cross-Complaint, Cross-Defendant SIMS incorporates as though fully set forth herein its answers to Paragraphs 1 through 57, inclusive.

59.    Answering Paragraph 59, Cross-Defendant SIMS denies the allegations of Paragraph 59.

60.    Answering Paragraph 60, Cross-Defendant SIMS denies the allegations of Paragraph 60.

61.    Answering Paragraph 61, Cross-Defendant SIMS denies the allegations of Paragraph 61.

62.    Answering Paragraph 62 of the Cross-Complaint, Cross-Defendant SIMS denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief as requested or otherwise. Cross-Defendant SIMS otherwise denies the allegations of Paragraph 62.

### TENTH CAUSE OF ACTION
### (Violation of Cal. Business and Professions Code section 17200)
### (Against Cross-Defendant)

63.    Answering the allegations of Paragraph 63 of the Cross-Complaint, Cross-Defendant SIMS incorporates as though fully set forth herein its answers to

Paragraphs 1 through 62, inclusive.

64.   Answering Paragraph 64 of the Cross-Complaint, Cross-Complainant's allegations are conclusions of law to which no responsive pleading is required and Cross-Defendant SIMS denies such allegations on that basis.

65.   Answering Paragraph 65, Cross-Defendant SIMS denies the allegations of Paragraph 65.

66.   Answering Paragraph 66, Cross-Defendant SIMS denies the allegations of Paragraph 66.

67.   Answering Paragraph 67 of the Cross-Complaint, no responsive pleading is required, and Cross-Defendant SIMS responds to Cross-Complainant's prayer for judgement as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant SIMS prays that:

1.   Cross-Complainant takes nothing by the way of its Cross-Complaint;

2.   That the Cross-Complaint, and each claim for relief contained therein, be dismissed against Cross-Defendant SIMS with prejudice;

3.   That judgement is entered in favor of Cross-Defendant SIMS;

4.   That Cross-Defendant SIMS recovers its costs and such other further relief as the Court may deem just and proper;

5.   That the Court grant such other and further relief as it may deem just and proper.

Dated:  June 3, 2022                Respectfully Submitted,

PILLSBURY WINTHROP SHAW
PITTMAN LLP
MARK E. ELLIOTT
REBECCA M. LEE

By:   _/s/ Mark E. Elliott_
        Mark E. Elliott

Attorneys for Cross-Defendant
SIMS GROUP USA CORPORATION

-10-

## CROSS-CLAIM AGAINST AMERON INTERNATIONAL, INC.

Defendant and Cross-Complainant Sims Group USA Corporation ("Cross-Complainant" or "SIMS") brings this Cross-Complaint against Defendant and Cross-Defendant Ameron International, Inc. ("Cross-Defendant" or "Ameron") and alleges upon knowledge as to its own acts, and upon information and belief as to the acts of all others, as follows:

## NATURE OF THE ACTION

1.      Cross-Complainant files this Cross-Complaint in order to avoid or minimize its alleged liability associated with responding to the environmental impacts alleged in Ameron's Cross-Complaint.

2.      The area of alleged environmental impact for which Cross-Complainant seeks relief includes the real property located at 8822 Etiwanda Avenue, Rancho Cucamonga, California (the "Property") and areas to which the alleged constituents have migrated outside the boundaries of the Property (the "Site").

## PARTIES

3.      Cross-Complainant SIMS is a Delaware Corporation.

4.      Based on information and belief, Cross-Defendant operated, controlled and/or used the Site in order to operate a metals recycling business, for almost 14 years, from 1970 to 1983. On information and belief, Cross-Defendant Ameron is a Delaware corporation that does or has done business in California, including in this District.

5.      Cross-Defendant Ameron has brought claims against Cross-Complainant in this action seeking declaratory relief and cost recovery under CERCLA, as well as various state law claims for damages, declaratory relief, and costs.

## JURISDICTION, VENUE, AND NOTICE

6.      This Court has jurisdiction over the subject matter of Cross-Complainant's First Cause of Action pursuant to 28 U.S.C. Section 1331 and 42

-11-

U.S.C. Section 9613. These cross-claims are brought under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Sections 9601, *et seq.* ("CERCLA"), arising out of alleged environmental impact by hazardous substances of the Property currently owned by DP Etiwanda, LLC, and previously operated, controlled, and/or used by Ameron.

7.     The state law claims alleged in this Cross-Complaint are related to the federal claims pursuant to 28 U.S.C. Section 1367(a) and fall within the Court's supplemental jurisdiction.  The state law claims that Cross-Complainant asserts are so related to the federal claims that such claims form part of the same case or controversy under Article III of the United States Constitution.

8.     This Court has jurisdiction over Cross-Defendant because Cross-Defendant conducts business in California, has sufficient minimum contacts with California, and otherwise intentionally availed itself to the jurisdiction of this Court. In addition, the Cross-Defendant's misconduct with respect to the subject Property occurred in California and foreseeably affects California citizens.

9.     Venue is proper in this Court pursuant to CERCLA Section 113(b) because the releases, occurrences, and damages detailed herein occurred in this district, and the subject Property is situated in this district. 42 U.S.C. § 9613(b).

10.     Additionally, a substantial part of the events or omissions giving rise to these claims, and the real property affected, is in Rancho Cucamonga, which is in this District. 28 U.S.C. § 1391(b).

## **GENERAL ALLEGATIONS**

11.     As alleged in Paragraphs 42 and 60 of Ameron's Cross-Complaint, in Paragraph 2 of DP Etiwanda's First Amended Complaint, and on information and belief, Cross-Complainant alleges that the Site has been impacted by the presence of constituents such as metals, hazardous waste, petroleum or petroleum-related products, total petroleum hydrocarbons ("TPH"), polychlorinated tetrachloroethylene ("PCE"), polychlorinated biphenyls ("PCBs") and other substances.

12.     On information and belief, Cross-Defendant caused or contributed to the past or present handling, storage, treatment, transportation, generation, release, or disposal of hazardous substances, hazardous waste, and/or solid waste into the environment in, at, and around the Site, including in soil, land, subsurface strata, air, vapor, groundwater, and/or surface water, because Cross-Defendant owned, controlled, and/or operated the Property from which hazardous substances, hazardous waste, and/or solid waste were allegedly released or otherwise discarded, and failed to exercise due care or to prevent or abate the alleged hazardous substances, hazardous waste, and/or solid waste impacts.

13.     On information and belief, once released into the environment, these hazardous substances, hazardous waste, and/or solid wastes have continued to spread and migrate within the environment at the Site without abatement by Cross-Defendant.

14.     On information and belief, as a result of Cross-Defendant's failure to abate the alleged environmental impacts, Cross-Complainant has incurred and will incur response costs in connection with the investigation and remediation of the alleged environmental impacts.

15.     On information and belief, Cross-Defendant did not take any preventive actions or measures to avoid, prevent, reduce, or mitigate known or foreseeable alleged releases of hazardous substances at the Property.

### FIRST CAUSE OF ACTION
**(Contribution – CERCLA § 113(f)(1))**
**(Against Cross-Defendant)**

16.     Cross-Complainant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 15, inclusive, as though set forth in full herein.

17.     Total petroleum hydrocarbons ("TPH"), polychlorinated tetrachloroethylene ("PCE"), polychlorinated biphenyls ("PCBs")—the constituents

-13-

alleged to be present and commingled at the Property—constitute and contain "hazardous substances" within the meaning of CERCLA 42 U.S.C. Section 9601(14).

18.    On information and belief, Cross-Defendant used, disposed, discharged, deposited, spilled, released, and/or arranged for the release on the soil and in the ground and/or surface waters hazardous substances, allegedly causing those substances to enter the environment.  Cross-Defendant's operation of the Property has contributed to the allegedly migration, release, and spreading of hazardous substances into the environment.

19.    Cross-Defendant is a "person" as that term is defined in CERCLA Section 101(21), 42 U.S.C. Section 9601(21).

20.    The Property owned by Cross-Defendant upon which hazardous substances were disposed of and/or discharged constitutes a "facility," as that term is defined in CERCLA Section 101(9), 42 U.S.C. Section 9601(9).

21.    Cross-Defendant was a former operator of the Property. Cross-Defendant is thereby a "covered person" within the meaning of CERCLA Section 107(a), 42 U.S.C. Section 9607(a).

22.    Cross-Defendant has alleged that a "release" or threatened release of a "hazardous substance," as those terms are defined in CERCLA Sections 101(22), (14), 42 U.S.C. Sections 9601(22), (14), has occurred at the Site.

23.    As alleged by Cross-Defendant, Cross-Complainant is a "covered person" within the meaning of CERCLA Section 107(a), 42 U.S.C. Section 9607(a), has been sued under CERCLA, 42 U.S.C. Section 9607(a), by Cross-Defendant, and thus is a proper party to bring an action under CERCLA Section 113(f), 42 U.S.C. Section 9613(f).

24.    Pursuant to CERCLA Section 9613(f), Cross-Complainant is entitled to contribution from any other person who is liable or potentially liable under CERCLA for any amount that Cross-Complainant is found liable for necessary costs incurred

responding to the alleged release or threatened release of hazardous substances at the Site.  If Cross-Complainant is in the future held liable to Cross-Defendant, then it is entitled to contribution from Cross-Defendant for some or all of any amounts for which it is held liable and is required to pay.

25.     Pursuant to CERCLA Sections 9607(a) and 9613(f), Cross-Defendant is strictly, and jointly and severally, liable, or is otherwise liable as provided by applicable law, to Cross-Complainant for cost recovery and contribution for all necessary response costs incurred by Cross-Complainant in the past and in the future in responding to the released hazardous substances.

26.     Cross-Complainant seeks cost recovery, reimbursement, and/or contribution from Cross-Defendant based on its status as operator, discharger, arranger, and/or transporter of hazardous materials, substances, and wastes pursuant to CERCLA Sections 9607(a) and 9613(f), for all response costs and natural resource damages that Cross-Complainant has and will incur as a result of the release of hazardous substances onto the Property.

## SECOND CAUSE OF ACTION
### (Declaratory Relief – CERCLA § 113(g))
### (Against Cross-Defendant)

27.     Cross-Complainant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 26, inclusive, as though set forth in full herein.

28.     Pursuant to CERCLA Section 113(f), 42 U.S.C. Section 9613(f), Cross-Complainant is entitled to contribution from any other person who is liable or potentially liable under CERCLA for any amount for which Cross-Complainant is held responsible in responding to the presence of hazardous substances at the Site, and to the actual or threatened release of such hazardous substances.

29.     Because the extent and magnitude of the alleged environmental impact to the Site is not fully known at this time, necessary response costs for which Cross-

-15-

Complainant may be held liable as a result of Cross-Defendant's CERCLA action will continue to be incurred.

30.     Accordingly, an actual legal controversy exists between Cross-Complainant, on the one hand, and Cross-Defendant, on the other hand.  Cross-Complainant contends that it is entitled to indemnification and contribution based on the above-described threatened or actual liability.

31.     Cross-Complainant desires and is entitled to a declaratory judgment pursuant to 28 U.S.C. Section 2201, *et seq.*, and CERCLA Sections 113 (f) and (g)(2), 42 U.S.C. Sections 9613 (f) and (g)(2), establishing liability of Cross-Defendant for such costs and damages for the purpose of this and any subsequent action or actions and declaring that (1) Cross-Defendant is jointly and severally liable for Cross-Complainant's response costs and natural resource damages for which it is alleged to be liable, or alternatively, is liable for contribution for its equitable allocation thereof, and (ii) Cross-Complainant has acted reasonably and in good faith and is not liable under CERCLA to any third party or Cross-Defendant in any manner, as a result of disposals and releases of Cross-Defendant and others as alleged herein, or alternatively, has a de minimis or zero equitable allocation or share of the same.  No adequate or speedy remedy exists for Cross-Complainant in the absence of such a judicial declaration.

32.     Cross-Complainant further requests that this Court, after entering a declaratory judgment as prayed herein, retain jurisdiction over this action, pursuant to 28 U.S.C. Section 2202, and grant Cross-Complainant such further relief against Cross-Defendant as is necessary and proper to effectuate the Court's declaration.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRD CAUSE OF ACTION
**(Contribution Under the HSAA – Cal. Health & Saf. Code § 25363(d))**
**(Against Cross-Defendant)**

33.     Cross-Complainant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 32, inclusive, as though set forth in full herein.

34.     The California Hazardous Substance Account Act ("HSAA"), California Health & Safety Code § 25300 et seq., provides for an action by parties who have been held liable for removal or remedial action costs under the HSAA. Pursuant to the HSAA, such parties may seek contribution or indemnity for those costs from any person who is a "responsible party" under Health & Safety Code § 25323.5.

35.     Cross-Defendant is a "person" within the meaning of HSAA, California Health & Safety Code § 25319, and a "responsible party" or "liable person" within the meaning of the HSAA, California Health & Safety Code § 25323.5.

36.     Cross-Defendant is liable to Cross-Complainant pursuant to California Health & Safety Code § 25363(d) in contribution or indemnity, to the extent that Cross-Complainant is held liable or responsible for any costs pursuant to or otherwise recoverable under the HSAA.

## FOURTH CAUSE OF ACTION
**(Declaratory Relief: Equitable Indemnity/Contribution)**
**(Against Cross-Defendant)**

37.     Cross-Complainant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 36, inclusive, as though set forth in full herein.

38.     An actual controversy has arisen and now exists between Cross-Complainant and Cross-Defendant in that Cross-Complainant contends, and, on information and belief, Cross-Defendant denies, the following:

-17-

(a)     That, as between Cross-Complainant and Counter Cross-Defendant, responsibility, if any, for damages arising from or relating to the alleged environmental impact to the Site rests entirely or partially on Cross-Defendant; and

(b)     That, as a result, Cross-Defendant is obligated to partially or fully indemnify Cross-Complainant for any sums that Cross-Complainant may be compelled to pay as the result of any damages, judgment, or other awards recovered against Cross-Complainant as a result of such alleged environmental impacts.

39.     Cross-Complainant desires a judicial determination of the respective rights and duties of Cross-Complainant and Cross-Defendant of the comparative liability of Cross-Complainant and Cross-Defendant for these damages, and a declaration of Cross-Defendant's responsibility for equitable indemnity to Cross-Complainant for any sums that Cross-Complainant may be compelled to pay and for which Cross-Defendant is determined to be responsible, entirely or in part.

40.     Such a declaration is necessary and appropriate at this time so that Cross-Complainant may ascertain its rights and duties, if any, with respect to Cross-Defendant's and other persons' present and future claims for damages.  Furthermore, Cross-Complainant's and Cross-Defendant's claims arise out of the same transaction (i.e., the alleged environmental impacts to the Site) and determination of both in one proceeding is necessary and appropriate in order to avoid a multiplicity of actions.

## FIFTH CAUSE OF ACTION
### (Contribution Pursuant to Cal. Civil Code section 1432 and Cal. Code of Civ. Proc. section 875)
### (Against Cross-Defendant)

41.     Cross-Complainant incorporates by reference its allegations in Paragraphs 1 through 40 above as though fully set forth herein.

-18-

42.     California Civil Code § 1432 provides that "a party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him."

43.     California Code of Civil Procedure § 875 also establishes a right of contribution among jointly liable parties.

44.     As a result of the acts, omissions, and conduct of Cross-Defendant as alleged herein, is a liable or potentially liable party within the meaning of California Civil Code § 1432 and California Code of Civil Procedure § 875.

45.     Cross-Complainant denies any liability to Plaintiff; but if Cross-Complainant's liability for Plaintiff's alleged damages is established, Cross-Complainant is entitled to proportionate contribution from Cross-Defendant, for any damages that exceed its judicially determined or equitable share of the obligation.

## **PRAYER FOR RELIEF**

WHEREFORE, Cross-Complainant respectfully requests that judgment be entered in its favor for the following:

1. For contribution from Cross-Defendant, pursuant to 42 U.S.C. § 9613(f)(1), California Health and Safety Code § 25363, California Civil Code § 1432, and California Code of Civil Procedure § 875, for all of part of the past and future alleged response costs, expenses, and other damages Cross-Complainant is or may be liable for with respect to the Property;

2. For a declaration, pursuant to 42 U.S.C. § 9613(g)(2), 28 U.S.C. § 2201, and California Code of Civil Procedure § 1060, that Cross-Complainant is entitled to contribution from Cross-Defendant for all or part of the alleged response costs, expenses, and other damages Cross- Complainant is or may be liable for in any subsequent action or actions to recover further response costs or damages incurred in response to the releases or threatened release of hazardous substances at the Property;

-19-

3. For indemnity, whether total or partial, equitable, implied and/or expressed, or pursuant to California Health and Safety Code § 25363, from Cross-Defendant, in an amount for which Cross-Complainant is held liable as a result of the claims asserted by Plaintiff or others relating to alleged soil and/or groundwater impacts on or emanating from the Property;

4. For damages according to proof;

5. For costs of suit; and

6. For such other relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Cross-Complainant hereby demands trial by jury of any and all issues so triable.

Dated:  June 3, 2022                                PILLSBURY WINTHROP SHAW
                                                    PITTMAN LLP
                                                    MARK E. ELLIOTT
                                                    REBECCA M. LEE


                                                    By:   */s/ Mark E. Elliott*
                                                          Mark E. Elliott

                                                    Attorneys for Cross-Defendant
                                                    SIMS GROUP USA CORPORATION

-20-