| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 2 | MARK E. ELLIOTT (SBN 157759) |
|   | mark.elliott@pillsburylaw.com |
| 3 | REBECCA M. LEE (SBN 312039) |
|   | rebecca.lee@pillsburylaw.com |
| 4 | 725 South Figueroa Street, 36th Floor |
|   | Los Angeles, CA  90017-5406 |
| 5 | Telephone: (213) 488-7100 |
| 6 | Facsimile No.: (213) 629-1033 |
| 7 | Attorneys for Defendant |
|   | SIMS GROUP USA CORPORATION |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DP ETIWANDA, LLC, a California limited liability company, | Case No. 5:21-cv-1238-SSS-SP |
| Plaintiff, | **STIPULATED AND UNOPPOSED NOTICE OF MOTION AND MOTION FOR:** |
| v. | |
| SIMSMETAL USA CORP., a New York corporation, SA RECYCLING, a Delaware, limited liability company; AMERON INTERNATIONAL, MC., a Delaware corporation, TAMCO, a California corporation, and Does 1-20 inclusive, | **RECONSIDERATION OF ORDER STRIKING STIPULATION AND ORDER PURSUANT TO FRCP RULE 59(e)** |
| | DATE: August 12, 2022 |
| | TIME: 2:00 pm |
| | DEPT: 2 |
| | JUDGE: Hon. Sunshine Suzanne Sykes |
| Defendants. | |
| | Complaint Filed: 7/27/21 |
| | Trial Date: 1/16/24 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Notice is hereby given that on August 12, 2022, or as soon thereafter as this Motion may be heard, in Courtroom 2 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501-3801, the Parties will and hereby do submit this stipulated and unopposed motion to the Court to reconsider its July 14, 2022 Order striking the "Stipulation and Order re Defendants Deemed to Have Filed Response and General Denials to Ameron's Cross-Claim and Defendants Tamco, Sims Group USA Corp., and SA Recycling LLC be Deemed to Have Filed Cross-Claims Against Each Other," pursuant to Fed. R. Civ. Pro. Rule 59(e).

This motion is made following the conference of counsel pursuant to Local Rule ("L.R.") 7-3 which took place on July 20, 2022. This Motion is based on this notice, memorandum of points and authorities; declarations attached thereto; and any other matters that may properly be considered in connection with this Motion.

Dated: July 28, 2022　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　PILLSBURY WINTHROP SHAW PITTMAN LLP
　　　　　　　　　　　　　　　MARK E. ELLIOTT
　　　　　　　　　　　　　　　REBECCA M. LEE


　　　　　　　　　　　　　　　By: _____/s/ Mark E. Elliott_____
　　　　　　　　　　　　　　　　　　　　Mark E. Elliott

　　　　　　　　　　　　　　　Attorneys for Defendants SIMS GROUP USA CORPORATION

I.  **Introduction**

Pursuant to Fed. R. Civ. Pro. 59(e), Defendants Tamco ("Tamco"), Sims Group USA Corp. ("Sims"), Ameron International Inc. ("Ameron"), and SA Recycling LLC ("SA Recycling") ("Defendants") jointly bring a Motion for Reconsideration before this Court with respect to the Court's July 14, 2022 order that the "Stipulation and Proposed Order re Defendants Deemed to Have Filed Response and General Denials to Ameron's Cross-Claim and Defendants Tamco, Sims Group USA Corp., and SA Recycling LLC be Deemed to Have Filed Cross-Claims Against Each Other" ("Stipulation and Order") be stricken. Dkt. 94. Plaintiff DP Etiwanda, LLC ("Plaintiff" or "DP Etiwanda") does not oppose this motion. Defendants and Plaintiff are hereinafter referred to as the "Parties."

The Parties sought to stipulate, and obtain approval from the Court, that: 1) Sims and SA Recycling were each deemed to have responded to and generally deny Ameron's cross-claims such that no further response to Ameron's cross-claims was required, and 2) Tamco, Sims, and SA Recycling were deemed to have filed cross-claims against each other to relieve these three parties from filing expensive and largely duplicative cross-claims against one another.

This Motion for Reconsideration of the Court's July 14, 2022 Order is appropriate because the Court failed to consider that the Sims sought guidance from Judge Bernal's clerk related to how to properly file the Stipulation. Furthermore, the Court did not consider that Ameron was not one of the defendants who had stipulated to cross-claims filed against other defendants. In doing so, the Court failed to take into account that the purpose of the Stipulation and Order was to streamline cross-claims among Tamco, Sims, and SA Recycling, while Ameron stipulated merely that Sims' and SA Recycling's responses to its cross-claims would be deemed filed.

## II. Procedural History

DP Etiwanda filed its Stipulation to Amend Complaint and its First Amended Complaint ("FAC") on March 28, 2022. Dkt. 64. The Stipulation to Amend Complaint included language stating "Defendants waive notice and service of the Amended Complaint, which is deemed filed and served upon Defendants as of the date of the filing of this stipulation." Dkt. 64 at 2:8-10. Ameron filed an answer to the FAC and cross-claims against Sims and SA Recycling in this action on the same date. Dkt. 65. Following Ameron's filing of its cross-claims, Defendants met and conferred to discuss whether Ameron would agree to a stipulation that Sims and SA Recycling have responded to and denied all claims in Ameron's cross-claim, and that no further response to Ameron's cross-claim was necessary, unless the remaining Defendants sought to file cross-claims against Ameron. Declaration of Mark E. Elliott ("Elliott Decl.") ¶ 3. Ameron agreed to these terms. *Id.*

To further streamline the pleadings, Tamco, Sims, and SA Recycling met and conferred, and agreed that, for the sake of efficiency and judicial economy, Tamco, SA Recycling, and Sims should stipulate that each of these defendants have cross-complained against each other. *Id.* DP Etiwanda was included in these conversations and agreed to these stipulated terms as well. *Id.*

Therefore, on April 8, 2022, Sims submitted the "Stipulation and Proposed Order re Defendants Deemed to Have Filed Response and General Denials to Ameron's Cross-Claim and Defendants Tamco, Sims Group USA Corp., and SA Recycling LLC be Deemed to Have Filed Cross-Claims Against Each Other" for the Court's approval. Dkt. 68. As explained in the Stipulation and Order, this agreement sought to streamline the pleadings and conserve party and judicial resources in two ways. Elliott Decl. ¶ 5. First, this Stipulation and Order sought to relieve Sims and SA Recycling from responding to Ameron's cross-claims, since Sims and SA Recycling sought to deny all of Ameron's cross-claims. *Id.* Second, this Stipulation and Order sought to relieve Tamco, SA Recycling and Sims from the expensive

process of lodging and responding to cross-claims among these three parties by stipulating that they have cross-complained against each other. *Id.* Sims submitted this Stipulation and Order for the Court's approval, with reference to Ameron's cross-claims alleged against SA Recycling and Sims, on March 28, 2022. *See* Dkt. 65.

After the Stipulation and Order was filed, Judge Bernal struck DP Etiwanda's Stipulation to file an Amended Complaint and Ameron's cross-claims, stating that Ameron may refile its cross-claims once there was a properly filed amended complaint. Dkt. 69. Shortly thereafter, Sims received a notice to filer of deficiencies related to the Stipulation and Order, which stated that it selected the incorrect event for filing. Dkt. 70. This notice stated, "You need not take any action in response to this notice unless and until the Court directs you to do so." *Id.*

DP Etiwanda filed another stipulation to amend the complaint and its proposed FAC. Dkt. 71-72. However, a notice to filer of deficiencies was issued in response to this pleading. Dkt. 73. DP Etiwanda contacted the Court's clerk to determine whether the pleading was accepted and if responses should be filed to the FAC, but did not receive a response from the Court. Elliott Decl. ¶ 6. Sims also contacted the Court's clerk to ask whether the Stipulation and Order should be re-filed but did not receive a response. Elliott Decl. ¶ 7.

On May 31, 2022, Ameron again filed cross-claims against SA Recycling and Sims. Dkt. 76. Sims contacted the Court again to inquire whether the Court would approve the Stipulation and Order to relate to Ameron's re-filed cross-claims, but did not receive a response. Elliott Decl. ¶ 7. Having received no response from the Court as to whether the Stipulation and Order would be related to Ameron's re-filed cross-claims, Sims filed a timely response and cross-claims against Ameron to preserve its claims. Dkt. 82.

Judge Bernal transferred this case to Judge Sunshine Suzanne Sykes shortly thereafter. Dkt. 85. This Court struck the Stipulation and Order on the basis that it

was filed deficiently, and because Ameron and Sims had subsequently filed cross-claims against each other. Dkt. 94.

### III. This Court Failed to Consider that the Stipulation and Order Sought Only to Deem Cross-Claims Filed Among Three Defendants, Not Four.

The Federal Rules of Civil Procedure, Rules 59(e) and 60(b), provide the grounds for relief from a judgment or order. Fed. R. Civ. P. 59(e), 60(b). A party may bring a motion for relief from a judgment or order due to mistake, inadvertence, surprise, or excusable neglect. *Schafer v. Ford Motor Company*, 2018 WL 4849679, at *1 (C.D. Cal. 2018) ("[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [the time period permitted by the Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order.") Fed. R. Civ. P. 59(e) provides 28 days for a motion to be filed. Therefore, this motion is timely filed with respect to the federal requirements.

The Central District's Local Rules allow a motion for reconsideration on the following three grounds: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. Local Rule 7-18. The Local Rules require "any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." *Id.* This motion is timely filed with respect to the Local Rules.

Absent unusual circumstances, relief from an order or judgment is appropriate only where the court is presented with newly discovered evidence, the court committed clear error or the decision was manifestly unjust, or there has been an intervening change in controlling law. *Beentjes v. Placer County Air Pollution*

- 4 -

MOTION FOR RECONSIDERATION
Case No. 5:21-cv-1238-SSS-SP

*Control Dist.,* 254 F. Supp. 2d 1159, 1161 (E.D. Cal. 2003) (citing *School Dist. No. 1J, Multnomah County v. AC & S, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993)); *Villacres v. ABM Industries Inc.*, 2008 WL 2676397, at *2 (C.D. Cal. 2008) (allowing reconsideration where "the briefing process was marked by irregularity"). The Court here committed clear error in failing to consider the following.

      First, the Court failed to consider that this Stipulation and Order sought to streamline only three of the four Defendants' cross-claims.  As of yet, none of these three Defendants (Tamco, Sims, and SA Recycling) have filed cross-claims against each other. The language of the Court's July 14, 2022 Order suggests that the Court struck the Stipulation and Order because the cross-claims filed between Ameron and Sims rendered the Stipulation and Order superfluous.  However, the Parties emphasize that this is not the case. Allowing the Stipulation and Order to be filed will significantly reduce the filings that Sims, SA Recycling, and Tamco will be required to submit, and conserve the resources of these parties. Although Ameron had filed its cross-claims, and both Sims and SA Recycling retained their right to file cross-claims against Ameron, the Stipulation and Order, if approved by the Court, would allow Sims and SA Recycling stipulated responses and denials to all claims in Ameron's cross-claims, further streamlining the pleadings.

      Second, the Court failed to consider that, before filing the Stipulation and Order, Sims contacted the Court's clerk for guidance in filing, and Sims received no response to its questions. Given uncertain nature of some of the filings in this case, and lack of guidance from Judge Bernal's clerk following notices of deficiencies, Sims inadvertently selected the incorrect event for filing, and was not aware that it was required to re-file the Stipulation and Order for proper consideration of the document.

    **A.**    **Stipulations are Favored to Promote Judicial Economy**

      Because stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed

consent. *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). In this instance, there has been no indication of involuntary or uninformed consent to this Stipulation and Order. Rather, all Parties agreed to its filing. The Parties again agree that, pursuant to this stipulated and unopposed motion, the order striking the Stipulation and Order be reconsidered, and that the Stipulation and Order is approved for re-filing and approval by the Court.

Furthermore, the Stipulation and Order will promote judicial economy by allowing Defendants' answers, pursuant to Fed. R. Civ. P. 12, and cross-claims, pursuant to Fed. R. Civ. P. 13, to be consolidated into one filing in lieu of multiple individual submissions. Because each of Sims', SA Recycling's, and Tamco's cross-claims would be derivative of DP Etiwanda's operative Complaint, the Stipulation and Order would prevent confusion in the docket arising from multiple largely similar filings.

## IV. Conclusion

For the foregoing reasons, the Parties respectfully request that the Court reconsider the order striking the Stipulation and Order that deems Defendants Sims and SA Recycling to have filed their responses and general denials to Ameron's cross-claims and that deems Defendants Tamco, Sims, and SA Recycling to have filed cross-claims against each other. This Stipulation and Order would promote judicial economy as well as conserve party resources. Therefore, the Parties should be provided the opportunity to re-submit the Stipulation and Order.

Dated: July 28, 2022

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK E. ELLIOTT
REBECCA M. LEE

By: _____*/s/ Mark E. Elliott*_____
　　　　　Mark E. Elliott

Attorneys for Defendants SIMS GROUP USA CORPORATION

| | | |
|---|---|---|
| DATED: July 28, 2022 | | COX, CASTLE & NICHOLSON, LLP |
| | By: | */s/ Perry S. Hughes* |
| | | PERRY S. HUGHES |
| | | Attorneys for Plaintiff, DP ETIWANDA, LLC |
| DATED: July 28, 2022 | | HAYNES AND BOONE, LLP |
| | By: | */s/ Ann Al-Bahish* |
| | | ANN AL-BAHISH |
| | | Attorneys for Defendant, TAMCO |
| DATED: July 28, 2022 | | LEWIS BRISBOIS BISGAARD & SMITH, LLP |
| | By: | */s/ R. Gaylord Smith* |
| | | R. GAYLORD SMITH |
| | | Attorneys for Defendant, SA RECYCLING, LLC |
| DATED: July 28, 2022 | | WOOD, SMITH, HENNING & BERMAN LLP |
| | By: | */s/ Alice Charkhchyan* |
| | | THOMAS F. VANDENBURG |
| | | ALICE CHARKHCHYAN |
| | | Attorneys for Defendant, AMERON INTERNATIONAL, INC. |

**FILER ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(1)(i), I, Mark E. Elliott attest under penalty of perjury that all other signatories concur in the content of this filing and have authorized the filing.

DATED: July 28, 2022				PILLSBURY WINTHROP SHAW PITTMAN

							By:	*/s/ Mark E. Elliott*
								MARK E. ELLIOT

							Attorneys for Defendant, SIMS GROUP USA CORPORATION