PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK E. ELLIOTT (SBN 157759)
mark.elliott@pillsburylaw.com
REBECCA M. LEE (SBN 312039)
rebecca.lee@pillsburylaw.com
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033

Attorneys for Defendant
SIMS GROUP USA CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DP ETIWANDA, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> SIMSMETAL USA CORP., a New York corporation, SA RECYCLING, a Delaware, limited liability company; AMERON INTERNATIONAL, MC., a Delaware corporation, TAMCO, a California corporation, and Does 1-20 inclusive, <br><br> Defendants. | Case No. 5:21-cv-1238-SSS-SP <br><br> **DECLARATION OF MARK E. ELLIOTT IN SUPPORT OF PARTIES' STIPULATED AND UNOPPOSED MOTION FOR:** <br><br> **RECONSIDERATION OF ORDER STRIKING STIPULATION AND ORDER PURSUANT TO FRCP RULE 59(e)** <br><br> DATE:   August 12, 2022 <br> TIME:   2:00 pm <br> DEPT:   2 <br> JUDGE: Hon. Sunshine Suzanne Sykes <br><br> Complaint Filed:  7/27/21 <br> Trial Date:         1/16/24 |

- 1 -

I, Mark E. Elliott, declare and state as follows:

1.     I am a licensed attorney and a partner with the law firm Pillsbury Winthrop Shaw Pittman LLP.  I am responsible for the defense of defendant Sims Group USA Corporation ("Sims") in the instant action.  I have personal knowledge of the information contained in this declaration and if called to testify to the same I could and would competently do so.

2.     I submit this declaration in support of the Stipulated and Unopposed Motion for Reconsideration of Stipulation and Order Pursuant to Fed. R. Civ. P. 59(e).

3.     Following DP Etiwanda's March 28, 2022 filing of the Stipulation to Amend Complaint and its First Amended Complaint ("FAC") (Dkt. 64), and Ameron International Inc.'s ("Ameron") filing of its answer to the FAC and cross-claims against Defendants SA Recycling LLC ("SA Recycling") and Sims (Dkt. 65), Defendants met and conferred to discuss whether Ameron would agree to a stipulation that Sims and SA Recycling have responded to and denied all claims in Ameron's cross-claim, and that no further response to Ameron's cross-claim was necessary.  Defendants also discussed that if they wished to file cross-claims against Ameron, they could do so.  Ameron agreed to these terms and that it would stipulate to the same.

4.     To further streamline the pleadings, Tamco, Sims, and SA Recycling met and conferred, and agreed that, for the sake of efficiency and judicial economy, Tamco, SA Recycling, and Sims should stipulate that each of these defendants have cross-complained against each other.  DP Etiwanda was included in these conversations and agreed to these stipulated terms as well.

5.     The "Stipulation and Order re Defendants Deemed to Have Filed Response and General Denials to Ameron's Cross-Claim and Defendants Tamco, Sims Group USA Corp., and SA Recycling LLC be Deemed to Have Filed Cross-Claims Against Each Other" ("Stipulation and Order") sought to streamline the

pleadings and conserve party and judicial resources in two ways. First, this Stipulation and Order sought to relieve Sims and SA Recycling for responding to Ameron's cross-claims against each of these Defendants, since Sims and SA Recycling sought to deny all of Ameron's cross-claims.  Second, this Stipulation and Order sought to relieve Tamco, SA Recycling, and Sims from the expensive process of lodging and responding to cross-claims among these three parties by stipulating that they have cross-complained against each other.

6.    Following the Court's striking of DP Etiwanda's FAC, the parties were unsure as to whether responses should be filed to the FAC since the Stipulation to Amend Complaint included language stating "Defendants waive notice and service of the Amended Complaint, which is deemed filed and served upon Defendants as of the date of the filing of this stipulation." Rebecca Lee from my office conferred with DP Etiwanda's counsel and DP Etiwanda's counsel informed her that it had contacted the Court's clerk to determine whether the pleading was accepted and if responses should be filed to the FAC, but did not receive a response from the Court.

7.    My office contacted Judge Bernal's clerk again to inquire whether the Court would approve the Stipulation and Order to relate to Ameron's re-filed cross-claims, but did not receive a response.  After Ameron re-filed its cross-claims against Sims and SA Recycling, my office again contacted the Court again to inquire whether the Court would approve the Stipulation and Order to relate to Ameron's re-filed cross-claims, but did not receive a response.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 28th day of July 2022, in Los Angeles, California.

By   _/s/ Mark E. Elliott_
　　　MARK E. ELLIOTT

- 3 -