UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:21-cv-01238-SSS-SPx | Date | August 8, 2022 |
|---|---|---|---|
| Title | *DP Etiwanda, LLC v. Simsmetal USA Corporation, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER DENYING DEFENDANTS' SIMS GROUP USA CORPORATION, TAMCO, SA RECYCLING, AND AMERON INTERNATIONAL, INC.'S MOTION TO RECONSIDER [99] (IN CHAMBERS)**

Before the Court is Defendants SIMS Group USA Corporations, TAMCO, SA Recycling, and Ameron International, Inc.'s (collectively, "the Defendants") Motion for Reconsideration of the Court's Order Striking Stipulation and (Proposed) Order.  [Dkt. 99].

"'Motions for reconsideration are disfavored and rarely granted.'"  *Asbery v. Money* Store, No. 2:18-CV-01291-ODW (PLAx), 2018 WL 6834309, at *2 (C.D. Cal. Dec. 27, 2018) (quoting *Collins v. Fua*, No. CV 17-00606-VAP (PLAx), 2017 WL 8161087, at *1 (C.D. Cal. July 11, 2017)).  Federal Rule of Civil Procedure 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  The courts in this district have stated that "'Rule 59(e) clearly contemplates entry of judgment as a predicate to any motion."  *Asbery*, No. 2:18-CV-01291-ODW (PLAx), 2018 WL 6834309, at *2 (quoting *Balla v. Idaho State Bd. Of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989)).  The word "judgment" as used in Rule 59(e) refers to "a decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a); *see Balla v. Idaho State Bd. Of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989) ("The word 'judgment' as used in the Federal

Rules of Civil Procedure is defined in Rule 54(a)."). Rule 59(e) does not apply where there is no judgment or order otherwise "end[ing] the litigation on the merits and leave[ing] nothing for the court to do but execute the judgment." *Balla*, 869 F.2d at 467 (9th Cir. 1989) (internal quotations omitted); *see also Union Pacific R.R. Co. v. Coast Packing Co.*, 236 F. Supp. 2d 1130, 1137 (C.D. Cal. 2002) (noting that the court's minute order was not a judgment and therefore reconsideration was pursuant to Local Rule 7-18, not Federal Rule of Civil Procedure 59(e)). Where the Rule 59(e) motion for reconsideration is in reference to an order or application that is not a final judgment, the motion is governed by Local Rule 7-18. *In re Benham*, No. CV13-00205-VBF, 2013 WL 3872185, at *1 (C.D. Cal. May 29, 2013). Motions for reconsideration pursuant to Local Rule 7-18 must show:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or
> (b) the emergence of new material facts or a change of law occurring after the Order was entered, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18.

Here, the Defendants ask this Court to reconsider its Order striking their Stipulation to deem the Defendants to have filed responses and general denials to Ameron's Cross-Claim [Dkt. 65] and to have all filed Cross-Claims against each other [Dkt. 68]. [Dkt. 94]. As the Order striking the stipulation did not end the litigation on the merits or otherwise constitute a final judgment, Rule 59(e) does not apply. *See Union Pacific R.R. Co.*, 236 F.Supp.2d at 1137 ("Because we did not enter a judgment against Union Pacific, we construe its motion as one for reconsideration pursuant to Local Rule 7-18."). Accordingly, the Defendants' present motion is properly evaluated under Local Rule 7-18.

The Defendants cannot show that there has been a material difference in the facts or the law since the Court struck its stipulation. The parties reassert that the stipulation is intended to further efficiency and judicial economy. [Dkt. 99-1 at 7–8]. As the Defendants made the same assertion in their stipulation [Dkt. 68 at 3], their assertion here cannot be considered either a material difference in fact or law, or an emergence of a new material fact. *See In re Benham*, No. CV13-00205-VBF,

2013 WL 3872185, at *6 (finding that appellant had not proffered any evidence that he was either unavailable to him at the time of the ruling or was of such magnitude that that it would have changed the disposition of the case).

The Defendants primary argument seems to be directed at the third factor under Local Rule 7-18.  The Defendants contend that the Court failed to consider that they called the previous judge's clerk prior to filing the stipulation.  [Dkt. 99-1 at 7].  The Defendants further contend that they did not receive guidance from the previous judge's clerk regarding the filing of the stipulation.  [Dkt. 99-1 at 7].  That the Defendants previously called another judge's clerk does not materially alter this Court's ruling.  The Defendant's cannot show that the Court "failed to consider" this fact because there is nothing in the record noting that the Defendants made this phone call.  As such, the Court could not have failed to consider something unknown to it.  Even if it had, this fact has no bearing on the Court's Order.

Additionally, that the Defendants were not given guidance on how to properly file the stipulation and therefore failed to file it properly [Dkt. 99-1 at 7] does not alter the Court's ruling.  The Notice of Deficient Filing put the Defendants on notice that the filing contained deficiencies and was subject to the Court ordering the filing to be amended or corrected, stricken, or some other action deemed appropriate.  [Dkt. 70].  The stipulation had not been ruled on by the previous judge.  [Dkt. 68].  The filings the stipulation referenced were all stricken by the previous judge.  [Dkts. 64, 65, & 69].  Accordingly, this Court found it prudent to strike the stipulation because of its deficiencies, but also to clarify the record and ensure that the Defendants were no longer responding to filings that were stricken from the record.  [Dkt. 94].  Moreover, the Court finds that separate and independent cross-claim filings, even if they are duplicative of each other, better promotes clarity in the record.  The Defendants apparent disagreement with this reasoning is not enough to support a motion for reconsideration.  *Asberry v. Money Store*, No. 2:18-CV-01291-ODW (PLAx), 2018 WL 6834309, at *3 (C.D. Cal. Dec. 27, 2018) ("[A] motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision.") (quoting *In re Behnham*, No. CV13-00205-VBF, 2013 WL 3872185, at *9 (C.D. Cal. May 29, 2013)).

For the reasons outlined above, the Court DENIES the Defendants Motion for Reconsideration [Dkt. 99].  Further, the Court has granted Plaintiff DP Etiwanda's stipulation to file its First Amended Complaint ("FAC") and ordered DP Etiwanda to file its First Amended Complaint within ten (10) days of the

Order. [Dkt. 100].  If the Defendants wish to file Answers and Cross-Claims subsequent to DP Etiwanda filing its FAC, they are ORDERED to do so in separate and independent filings.

    **IT IS SO ORDERED.**