COX, CASTLE & NICHOLSON LLP
Perry S. Hughes (State Bar No. 167784)
Cathy T. Moses (State Bar No. 254791)
Jamie L. Sprague (State Bar No. 287689)
2029 Century Park East, Suite 2100
Los Angeles, California 90067-3007
Telephone: (310) 284-2200
Facsimile: (310) 284-2100
Email: PHughes@coxcastle.com,
CMoses@coxcastle.com,
JSprague@coxcastle.com

Attorneys for Plaintiff and Cross-Defendant
DP Etiwanda, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DP ETIWANDA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SIMS GROUP USA CORPORATION., a New York corporation, SA RECYCLING, a Delaware limited liability company, AMERON INTERNATIONAL, INC., a Delaware corporation, TAMCO, a California corporation, FERROMET, INC., a California corporation, PACIFIC COAST RECYCLING, LLC, a California limited liability company and Does 1-20 inclusive,<br><br>Defendants.<br><br>And Related Counterclaims. | Case No. 5:21-cv-01238-SSS-SP<br><br>Hon. Sunshine Suzanne Sykes<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) RESPONSE COSTS UNDER CALIFORNIA SUPERFUND, HEALTH AND SAFETY CODE**<br>**(2) LIABILITY FOR RESPONSE COSTS UNDER CERCLA**<br>**(3) DECLARATORY RELIEF UNDER CERCLA**<br>**(4) TRESPASS**<br>**(5) CONTINUING PRIVATE NUISANCE**<br>**(6) CONTINUING PUBLIC NUISANCE**<br>**(7) NEGLIGENCE**<br>**(8) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DP ETIWANDA LLC ("**Plaintiff**") alleges as follows:

## I. INTRODUCTION

1. Plaintiff is a limited liability company organized under the laws of California and conducting business in California. Plaintiff is a real estate developer specializing in logistics-oriented facilities in Southern California.

2. As set forth more fully in the allegations below, Plaintiff, through a predecessor-in-interest, acquired the real property located at 8822 Etiwanda Avenue, Rancho Cucamonga, California ("**Site**"), in around August 2016. When Plaintiff began redevelopment activities at the Site, it encountered high concentrations of contaminants, including metals, total petroleum hydrocarbons (TPH), polychlorinated biphenyls (PCBs) and other contaminants.

3. To date, Plaintiff has spent millions of dollars investigating and cleaning up the Site. Plaintiff has ample evidence that Defendants owned, operated, used, and maintained facilities at, on, or near the Site that allowed the release, discharge, or other placement of the contaminants that Plaintiff has since found. Plaintiff has filed this action to seek response costs, damages, declaratory relief, and any and all other relief allowable under law.

4. Plaintiff, as the owner of the Site, has a strong interest in the use of and enjoyment of the Site, and reasonably expects to be free of the obligation to clean up or abate hazardous conditions or nuisances located within or adjacent to the Site caused by the actions, omissions, or negligence of others, as set forth below.

## II. DEFENDANTS

5. On information and belief, Defendant Ameron International Corporation ("**Ameron**") operated, controlled and/or used the Site in order to operate a metals recycling business, for almost 14 years, from 1970 to 1983. On information and belief, Ameron is a Delaware corporation that does or has done business in California, including in this District.

6. On information and belief, Defendant Tamco ("**Tamco**") was an entity related to Ameron, and operated, controlled and/or used the adjacent site, located at

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 2 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST
AMENDED COMPLAINT

12459 Arrow Route, Rancho Cucamonga in order to operate a metals scrap and recycling business. On information and belief, Tamco is a California corporation.

7. On information and belief, Tamco, is doing business as CMC Steel California.

8. On information and belief, Defendant Sims Group USA Corp.[1] ("**Sims Group**") operated, controlled and/or used the Site in order to operate a metals recycling business, for almost 20 years, from 1984 to 2003. On information and belief, Sims Group is a New York corporation that does or has done business in California, including in this District.

9. Defendant SA Recycling ("**SA Recycling**") advertises itself on its website as being an "industry leader in metal recycling," and operating "over 70 recycling facilities conveniently located throughout California" and other states in the country. On information and belief, SA Recycling owned the Site from approximately 2007 to around August 2016, when it contracted to sell the Property to Plaintiff. Furthermore, on information and belief, SA Recycling is a Delaware corporation that does business in California and has offices throughout California, including in this District.

10. On information and belief, Defendant Ferromet, Inc. ("**Ferromet**") had an ownership interest in and/or operated at the Site from approximately 1973 through 2009. Furthermore, on information and belief, Ferromet is a dissolved California corporation.

11. On information and belief, Defendant Pacific Coast Recycling, LLC ("**PCR**") had an ownership interest in and/or operated at the Site from approximately 2003 through 2014. Furthermore, on information and belief, PCR is a California corporation.

---

[1] In its initial complaint, Plaintiff named Simsmetal USA Corp. as a defendant. On information and belief, Simsmetal USA Corp. changed its name in 2003 and now operates as Sims Group USA Corp, but Simsmetal USA Corp. and Sims Group USA Corp. are the same entity.

085805\14309202v3

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

- 3 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST AMENDED COMPLAINT

12. The true names and capacities of the defendants sued herein as Does 1-20 are currently unknown to Plaintiff, who therefore sues such defendants by fictitious names.  Each of the defendants designated herein as one of Does 1-20 is legally responsible for the unlawful acts alleged herein by working in concert with the other named and unnamed defendants.

## III. JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b), which confer jurisdiction upon a matter if the matter arises out of federal law.  The Court has supplemental state law jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.  The state law claims that Plaintiff asserts are so related to the federal claims that such claims form part of the same case or controversy under Article III of the United States Constitution.

14. This Court has jurisdiction over all Defendants because they conduct and have conducted business in California, have sufficient minimum contacts with the State, and otherwise intentionally avail themselves of the California market through the promotion, sale, marketing, and distribution of their productions or services so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.  Additionally, Defendants' wrongful conduct occurred in California and foreseeably affects or has affected citizens of California.

15. Venue is appropriate in this Court based on 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 6972(a) and 9613(b) because, upon information and belief, Defendants reside, transact business, or have an office or offices in this district and the acts and omissions alleged herein took place in this district.

16. Additionally, a substantial part of the events or omissions giving rise to these claims, and the real property affected, is in Rancho Cucamonga, which is in this District.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 4 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST AMENDED COMPLAINT

## IV. FACTUAL ALLEGATIONS

17. On or about August 16, 2016, Plaintiff signed a Standard Offer, Agreement and Escrow Instructions for Purchase of Real Estate, to purchase the Site.

18. When Plaintiff began redevelopment of the Site, it encountered high concentrations of contaminants that required removal. Soil at the Site was impacted with metals, total petroleum hydrocarbons (TPH) and polychlorinated biphenyls (PCBs), as well as buried trash and debris.

19. Plaintiff promptly hired an environmental consultant to investigate the Site and understand the environmental conditions on, under, and at the Site.

20. In approximately April of 2018, Plaintiff began working with California's Department of Toxic Substances Control ("**DTSC**") regarding investigation and remediation of the Site.

21. Beginning in October 2018 through early 2019, Plaintiff removed known areas of contamination at the Site as well as additional areas identified during scraping and grading activities.

22. Plaintiff's consultant concluded as a result of its investigation that the contamination at the Site was directly attributable to Defendants' ownership of and/or operation at the Site.

23. During the period of time that Defendants Ameron, Sims Group, SA Recycling, PCR and Ferromet conducted operations at the Site, on information and belief, Defendants operated a metals recycling business at the Site. Plaintiff's consultant determined that Defendants stored the following chemicals at the Site in the course of conducting such operations: diesel fuel #2, motor oil, oxygen, propane, used motor oil, recycled lead acid batteries, PCB waste, oily absorbent, hydraulic oil, F 500 fire fighting agent, MCX-90 metal encapsulation chemical, antifreeze, mercury switches, transmission fluid, compressor oil, and gasoline. Plaintiff's consultant also discovered that lubricating oil and antifreeze were

085805\14309202v3

- 5 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST AMENDED COMPLAINT

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

released from melted containers during a fire at the Property during Sims Group's operations at the Site.

24. Plaintiff's consultant also learned that Tamco would routinely send hazardous waste to the Property to be disposed of by Ameron, and perhaps other Defendants, at the Property.

25. Plaintiff alleges based on information and belief that Defendants, and each of them, through their acts or omissions at different times, employed environmentally substandard practices or structures, or both, for handling, storing, using, treating, disposing, releasing, transporting or abandoning various materials and wastes at or near the Site, in violation of federal and state environmental laws including but not limited to the California Health and Safety Code and Comprehensive Environmental Response, Compensation, and Liability Act, known as CERCLA or Superfund.

26. Plaintiff is informed and believes and thereupon alleges that Defendants caused, created, maintained, and/or contributed to such substandard conditions and practices, failed to abate such conditions or allowed third parties to create or maintain such conditions, which allowed contamination at the Site either intentionally or negligently or through the willful acts or omissions of Defendants.

27. To date, Plaintiff has incurred more than $5.685 million in costs to investigate and clean up the contamination at the Site.  This includes more than $3.4 million to excavate, transport and dispose of over 12,000 cubic yards of contaminated soil.  Plaintiff also spent $130,000 to import fill to replace the impacted soil that was removed from the Property. Furthermore, Plaintiff has incurred an additional $615,000 in costs for construction delays and $1.54 million for lost rent, as a direct result of the presence of contaminated soil at the Site. Plaintiff anticipates that it will continue to incur significant costs in connection with additional clean-up efforts in the future.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 6 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST AMENDED COMPLAINT

# FIRST CAUSE OF ACTION

## RESPONSE COSTS UNDER CALIFORNIA SUPERFUND, HEALTH & SAFETY CODE § 25363 ET SEQ.

### (AGAINST ALL DEFENDANTS)

28. Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

29. California Health & Safety Code section 25363(e) allows any person who has incurred removal costs to seek contribution or indemnity from any person who is liable.

30. Plaintiff is informed and believes and thereupon alleges that Defendants, and each of them, are persons liable under the statute because they caused, contributed, or augmented the hazardous substances that have intruded, encroached, contaminated or otherwise interfered with Plaintiff's interest in the Site.

31. The contaminants released, dumped, disposed, or abandoned on the Site include substances specifically listed or designated as hazardous substances within the meaning of California Health & Safety Code § 25316.

32. The Site constitutes a facility for purposes of the California Superfund law.

33. As a proximate cause of the Defendants' release of hazardous substances into the environment and onto the Site, Plaintiff has had to incur, and will have to incur, significant necessary response costs, including attorneys' fees and expert fees, for which the Defendants are strictly liable pursuant to California Health & Safety Code § 25316.

34. Plaintiff seeks contribution and indemnity from Defendants for all response costs under California Health & Safety Code § 25363.

35. Due to Defendants' actions, Plaintiff has been harmed and is entitled to the costs of cleanup, fees, and costs in an amount to be determined by proof.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 7 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST AMENDED COMPLAINT

# SECOND CAUSE OF ACTION – RESPONSE COST RECOVERY UNDER CERCLA

## (AGAINST ALL DEFENDANTS)

36. Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

37. Plaintiff is a person as defined under CERCLA, 42 U.S.C. § 9601(21).

38. Plaintiff is not and at all material times has not been a "covered person" or responsible party pursuant to CERCLA, 42 U.S.C. § 9607.

39. Plaintiff is informed and believes that Defendants are "persons" as defined in CERCLA, 42 U.S.C. § 9601(21).

40. Plaintiff is informed and believes and thereupon alleges that Defendants, and each of them, are and at all material terms were, "owners" or "operators," or both, as defined in CERCLA 42 U.S.C. § 9601 et seq. of the Site at the location described above.

41. Plaintiff is informed and believes and thereupon alleges that Defendants operated a facility as defined by CERCLA, 42 U.S.C. § 9601.

42. For the reasons set forth above, Plaintiff is informed and believes and thereupon alleges that some of the various materials and wastes that Defendants stored, transported, used, treated, and discharged or materials and wastes that were dumped, spilled, leaked, released, abandoned, and/or disposed of at the Site constitute substances specifically listed or having characteristics designating them as "hazardous substances" as defined in CERCLA, 42 U.S.C. § 9601 *et. seq*. The contaminants that Defendants stored, transported, used, treated, discharged, dumped, spilled, leaked, released, abandoned, and disposed of onto the Site include substances specifically listed or designated as hazardous substances within the meaning of California Health & Safety Code § 25316 and as listed or designated as hazardous substances pursuant to CERCLA, 42 U.S.C. § 9602. Plaintiff is informed and believes that some of the contaminants stored, transported, used, treated,

discharged, dumped, spilled, leaked, released, abandoned, and disposed of by Defendants are hazardous wastes pursuant to the California Hazardous Waste Control Law, RCRA, and CERCLA, and the regulations implementing these statutes as well as other applicable laws and regulations. Plaintiff is informed and believes and thereupon alleges that Defendants are persons liable under CERCLA because through their actions or omissions, Defendants caused, contributed, or augmented the hazardous substances and waste that was stored, transported, used, treated, discharged, dumped, spilled, leaked, released, abandoned, and disposed of at and near the Site, thereby intruding, encroaching, contaminating or otherwise interfering with Plaintiff's interest in the Site and free use and enjoyment of the Site.

43. Plaintiff is informed and believes and thereupon alleges that a release, as defined in CERCLA, 42 U.S.C. § 9601 *et. seq.*, of hazardous substances has occurred from the Site.

44. Plaintiff is informed and believes and thereupon alleges that Defendants are "covered persons" or responsible parties pursuant to CERCLA § 107, 42 U.S.C. § 9607.

45. Plaintiff is informed and believes and on that basis alleges that Defendants caused and arranged for disposal of the hazardous substances at or near the Site in a manner that polluted the Site and impacted surrounding areas.

46. Plaintiff is informed and believes, and on that basis alleges, that Defendants arranged for disposal of the hazardous substances at the Site in a manner that polluted the Site and impacted surrounding areas, including the Site.

47. As a direct and proximate result of Defendants' release(s) of hazardous substances into the environment that have occurred on, under, from, or in the vicinity of the Site, Plaintiff has had to incur and will incur necessary removal, remedial action, and response costs as defined in CERCLA § 101(25), 42 U.S.C. § 9601, including attorneys' fees and expert witness' fees, for which Defendants are

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 9 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST AMENDED COMPLAINT

strictly liable pursuant to CERCLA. All of the costs Plaintiff has incurred to remove, remediate, or otherwise address the contamination from the Site have been in accordance with CERCLA. The response costs that it has incurred are in compliance with the applicable provisions of the National Contingency Plan as provided for in 42 U.S.C. §§ 9605 and 9607(a)(4)(B) and 40 CFR Part 300.

48. Plaintiff seeks from Defendants reimbursement and recovery of all removal and remedial action costs and response costs pursuant to CERCLA, 42 U.S.C. § 9607(a), for all removal, remedial action, and response costs that Plaintiff has incurred due to the release/s on, under, from, or in the vicinity of the Site, which were released while Defendants were the owner and/or operator of the Site and its facilities, respectively.

**THIRD CAUSE OF ACTION-DECLARATORY RELIEF, UNDER CERCLA**
**(AGAINST ALL DEFENDANTS)**

49. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

50. Pursuant to 42 U.S.C. § 9607, Plaintiff is entitled to a declaratory judgment establishing the liability of Defendants, for such response costs for the purposes of this and any subsequent action or actions to recover further response costs.

**FOURTH CAUSE OF ACTION-TRESPASS**
**(AGAINST ALL DEFENDANTS, EXCLUDING SA RECYCLING)**

51. Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

52. Defendants' release, dumping, disposal, treatment, abandonment, and failures to investigate caused or contributed to contamination at the Site and beyond, including but not limited to metals, oils, and other contaminants which

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 10 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST
AMENDED COMPLAINT

physically intruded upon the Site, constituting a permanent as well as a continuing trespass.

53. Defendants released, dumped, disposed, treated and abandoned various materials and wastes, or allowed such release, dumping, disposal, treatment or abandonment, without the authority of Plaintiff or any of its predecessors in interest and without taking any remedial actions to address the materials and wastes at the Site. Defendants' conduct has been carried on with a conscious disregard of Plaintiff's enjoyment of its Site, including but not limited to Plaintiff's right to be free of any obligation to clean up or abate hazardous materials released, dumped, disposed, treated and abandoned by Defendants. Defendants' conduct constitutes trespass to the Site and beyond.

54. The intrusions of various materials and wastes by Defendants unreasonably interfered with Plaintiff's possession, use, and enjoyment of the Site. Due to the intrusion of various materials and wastes by Defendants, Plaintiff has suffered damages, and will suffer damages, as set forth above, including other consequential, incidental and general damages in an amount to be determined by proof.

55. Furthermore, Defendants unlawfully acted to increase its profits with respect to its activities on and at the Site, such that Plaintiff is entitled to a disgorgement of any such profits.

**FIFTH CAUSE OF ACTION-CONTINUING PRIVATE NUISANCE**
**(AGAINST ALL DEFENDANTS, EXCLUDING SA RECYCLING)**

56. Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

57. Defendants' release, dumping, disposal, treatment and abandonment of various materials and wastes, including but not limited to benzene, interfered with Plaintiff's free use and enjoyment of its Site. Defendants' release, dumping,

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 11 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST AMENDED COMPLAINT

disposal, treatment and abandonment of various materials and wastes onto the Site have caused injury to the Site and Plaintiff.

58. Plaintiff did not consent or ever sanction Defendants' release, dumping, disposal, treatment and abandonment of various materials and wastes at the Site.

59. Defendants' interference with Plaintiff's use and enjoyment of the land was and is substantial.

60. Defendants' actions caused, and continue to cause, Plaintiff to suffer damage as set forth above, including other consequential, incidental and general damages in an amount to be determined by proof.

**SIXTH CAUSE OF ACTION-CONTINUING PUBLIC NUISANCE**
**(AGAINST ALL DEFENDANTS, EXCLUDING SA RECYCLING)**

61. In its capacity as private attorney general or otherwise, Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

62. Defendants' release, dumping, disposal, treatment and abandonment of various materials and wastes onto the Site and surrounding areas gives rise to a public nuisance which affects not only Plaintiff, but also the entire adjacent community and the comfort and convenience of residents and visitors who use the Site and adjoining areas.

63. These conditions caused by Defendants' conduct substantially devalued the use and enjoyment of the Site, which Plaintiff has spent, and will continue to spend, considerable sums to investigate, maintain, and remediate; therefore, Plaintiff has suffered injuries different in kind from those suffered by the general public.

64. Plaintiff, in its capacity as private attorney general, alleges that as a proximate result of the conditions caused by Defendants' conduct, the Site and other property have been damaged. Plaintiff has suffered special injuries associated

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 12 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST AMENDED COMPLAINT

1   with the investigation and remediation. At the same time, the conditions caused by
2   Defendants' conduct have affected the entire community and the comfort and
3   convenience of a considerable number of residents and visitors who use the Site and
4   adjoining areas.

5   65. Plaintiff, in its capacity as private attorney general, asserts that its
6   litigation against Defendants: (a) raises strong issues of public importance and
7   policy which are in need of vindication by litigation; (b) presents the necessity for
8   private enforcement of said issues and rights, the resulting burden of which falls on
9   Plaintiff; and (c) will benefit the health and safety of the community.

10  66. Plaintiff, as a private attorney general, seeks to recover reasonable
11  attorneys' fees and costs incurred in prosecuting this action.

12  67. Defendants' actions caused Plaintiff to suffer damages as set forth
13  above, including other consequential, incidental and general damages in an amount
14  to be determined by proof.

## SEVENTH CAUSE OF ACTION-NEGLIGENCE
## (AGAINST ALL DEFENDANTS)

17  68. Plaintiff repeats and realleges each and every allegation of this
18  Complaint as if fully set forth therein.

19  69. As predecessor owners and/or operators of the Site, Defendants, and
20  each of them, owed a duty of care to successor owners of the Site, including
21  Plaintiff, with respect to the use, operation, and maintenance of the Site, including
22  without limitation, a duty to operate and maintain the Site in accord with all
23  applicable laws and regulations; prevent the release or threatened release of
24  hazardous substances, hazardous waste, petroleum or petroleum-related products
25  on, under, in the vicinity of the Site; exercise reasonable care in receiving, handling,
26  using, generating, storing, processing, treating, transporting, disposing of and/or
27  releasing hazardous substances, hazardous waste, petroleum or petroleum-related
28  products so as to not cause successor owners of the Site to suffer damages or loss of

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 13 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST
AMENDED COMPLAINT

any nature or kind; investigate, identify, monitor, remove, remediate, or otherwise rectify the environmental conditions on the Site.

70. Plaintiff alleges on information and belief that Defendants, and each of them, breached their duties of care by among other things not operating or maintaining the Site in accord with all applicable laws and regulations; not preventing the release or threatened release of hazardous substances, hazardous waste, petroleum or petroleum-related products on, under, in the vicinity of the Site; not exercising reasonable care in receiving, handling, using, generating, storing, processing, treating, transporting, disposing of and/or releasing hazardous substances, hazardous waste, petroleum or petroleum-related products so as to not cause successor owners of the Site to suffer damages or loss of any nature or kind; investigate; and failing to identify, monitor, remove, remediate, or otherwise rectify the environmental conditions on the Site.

71. Plaintiff alleges on information and belief that as a direct and proximate result of the breaches by Defendants, and each of them, of their duties of care, Plaintiff has suffered reasonably foreseeable harm.

72. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered, and will suffer, damages as follows: general damages including a permanent loss of fair market value of the Site; special damages including but not limited to injury to, destruction of, and/or loss of natural resources, including the reasonable costs of assessing such injury, destruction or loss; incidental damages including but not limited to response costs to investigate, identify, assess, monitor, remove, remediate and/or otherwise rectify the conditions; consequential damages including loss of earning capacity, revenue, and/or profit in the use and/or development of the Site, the total of which Plaintiff does not know but alleges on information and belief to be equal to or greater than $6 million plus interest plus attorneys' fees, expenses, and costs.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 14 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST AMENDED COMPLAINT

# EIGHTH CAUSE OF ACTION-VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE § 17200
## (AGAINST ALL DEFENDANTS)

73. In its capacity as private attorney general or otherwise, Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

74. California Business & Professions Code § 17200 *et seq.* prohibits unfair competition that is an unfair, unlawful, or a fraudulent business act or practice.

75. Defendants engaged in unfair competition through unfair, or unlawful business acts or practices by maintaining environmentally substandard conditions at the Site, by contaminating and failing to remediate the environment, and by a number of other activities that substantially interfered with Plaintiff's enjoyment of its Site. At a minimum, Plaintiff is informed and believes failure to correct such conditions resulted in Defendants not incurring costs to prevent release, dumping, disposal, treatment and abandonment of various materials and wastes at and from the Site.

76. As a result of Defendants' unlawful and unfair business practices, Plaintiff has been harmed, and will suffer additional harm, and is entitled to restitution in an amount to be determined by proof.

**WHEREFORE,** Plaintiff demands trial by jury and prays for judgment as follows:

1. For damages incurred to investigate and remediate the affected areas, including but not limited to the Site;
2. For damages to Plaintiff's enjoyment of its interests in property, in an amount to be determined by proof;
3. For an order requiring Defendants to assume the cost of remediation of the land and to reimburse Plaintiff for the amounts already expended;

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 15 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST AMENDED COMPLAINT

4. For declaratory relief and injunctive relief;

5. Attorneys' fees through law, contract or statute;

6. Costs of suit;

7. Prejudgment interest;

8. All other relief that the Court may deem just and proper.

DATED: August 11, 2022            COX, CASTLE & NICHOLSON LLP

By: */s/ Jamie L. Sprague*
Jamie L. Sprague
Attorneys for Plaintiff
DP Etiwanda, LLC

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

085805\14309202v3

- 16 -

PLAINTIFF DP ETIWANDA, LLC'S FIRST
AMENDED COMPLAINT