**LEWIS BRISBOIS BISGAARD & SMITH LLP**
R. GAYLORD SMITH, SB# 72726
  E-Mail: Bob.Smith@lewisbrisbois.com
JAMISON A. RAYFIELD, SB# 337969
  E-Mail: Jamison.Rayfield@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendant, SA RECYCLING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DP ETIWANDA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SIMS GROUP USA CORPORATION, a New York corporation, SA RECYCLING, AMERON INTERNATIONAL, INC., a Delaware corporation, FERROMET, INC., a California corporation, PACIFIC COAST RECYCLING, LLC, a California limited liability company and DOES 1-20, inclusive,<br><br>Defendants.<br><br>AND RELATED CLAIMS | Case No. 5:21-cv-1238-JGB-SP<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT SA RECYCLING TO FIRST AMENDED COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC**<br><br>Judge: Jesus G. Bernal<br>Courtroom: 1<br><br>Trial Date:          None Set |

Defendant SA RECYCLING ("SA" or "Defendant") hereby submits its answer, affirmative defenses, and counterclaims to the First Amended Complaint of Plaintiff DP Etiwanda, LLC ("DP" or "Plaintiff") as follows:

1.      SA lacks sufficient knowledge or information to form a belief as to the

4868-1214-1872.1

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   truth of the allegations contained in Paragraph 1 and therefore denies the allegations
2   contained in Paragraph 1.

3       2.    SA lacks sufficient knowledge or information to form a belief as to the
4   truth of the allegations contained in Paragraph 2 and therefore denies the allegations
5   contained in Paragraph 2.

6       3.    SA lacks sufficient knowledge or information to form a belief as to the
7   truth of the allegations contained in Paragraph 3 and therefore denies the allegations
8   contained in Paragraph 3.

9       4.    SA lacks sufficient knowledge or information to form a belief as to the
10  truth of the allegations contained in Paragraph 4 and therefore denies the allegations
11  contained in Paragraph 4.

12      5.    SA lacks sufficient knowledge or information to form a belief as to the
13  truth of the allegations contained in Paragraph 5 and therefore denies the allegations
14  contained in Paragraph 5.

15      6.    SA lacks sufficient knowledge or information to form a belief as to the
16  truth of the allegations contained in Paragraph 6 and therefore denies the allegations
17  contained in Paragraph 6.

18      7.    SA lacks sufficient knowledge or information to form a belief as to the
19  truth of the allegations contained in Paragraph 7 and therefore denies the allegations
20  contained in Paragraph 7.

21      8.    SA lacks sufficient knowledge or information to form a belief as to the
22  truth of the allegations contained in Paragraph 8 and therefore denies the allegations
23  contained in Paragraph 8.

24      9.    SA denies the allegations of Paragraph 9 except as admitted as follows:
25  SA's website speaks for itself and SA denies that the allegations in Paragraph 9 of
26  the Complaint which incorrectly summarize the website; SA admits it is a former
27  owner of the Property, that it sold the Property to Plaintiff, and that it does business
28  and has offices in California and in this District.

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

10.   SA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies the allegations contained in Paragraph 10.

11. SA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the allegations contained in Paragraph 11.

12. SA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the allegations contained in Paragraph 12.

## JURISDICTION AND VENUE

13.   SA admits that the United States District Court for the Central District of California has jurisdiction of the CERCLA claim made herein by Plaintiff on the grounds of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). SA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and therefore denies those allegations.

14.   SA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies the allegations contained in Paragraph 14.

15.   SA admits that the United States District Court for the Central District of California is a proper venue for this matter. SA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 for any SA's other than itself and therefore denies those allegations.

16.   To the extend Paragraph 16 alleges conclusions of law, no answer is necessary. To the extent Paragraph 16 requires a response, SA denies the allegations.

## FACTUAL ALLEGATIONS

17.   SA admits it entered into a purchase and sale of real estate with Deadeaux Properties, LLC on or about August 16, 2018 for the property and otherwise

3

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

denies the allegations in Paragraph 17 of the Complaint.

18.     SA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies the allegations contained in Paragraph 18.

19.     SA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies the allegations contained in Paragraph 19.

20.     SA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies the allegations contained in Paragraph 20.

21.     SA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies the allegations contained in Paragraph 21.

22.     SA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies the allegations contained in Paragraph 22.

23.     SA denies the allegations contained in Paragraph 23 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 23, and on that basis denies the allegations. Further, to the extent Paragraph 23 contains legal conclusions, it does not require a response.

24.     SA denies the allegations contained in Paragraph 24 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 24, and on that basis denies the allegations. Further, to the extent Paragraph 24 contains legal conclusions, it does not require a response.

25.     SA denies the allegations contained in Paragraph 25 to the extent they are made against SA. SA is without sufficient knowledge or information to form a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

belief as to the truth of the remainder of the allegations contained in Paragraph 25, and on that basis denies the allegations. Further, to the extent Paragraph 25 contains legal conclusions, it does not require a response.

26.     SA denies the allegations contained in Paragraph 26 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 26, and on that basis denies the allegations. Further, to the extent Paragraph 26 contains legal conclusions, it does not require a response.

27.     SA denies the allegations contained in Paragraph 27 to the extent they are made against the SA. SA lacks sufficient knowledge or information to form a belief as to the remainder of the allegations contained in Paragraph 27 and therefore denies those allegations.

**FIRST CAUSE OF ACTION**

**(Response Costs Under California Superfund,**

**Health and Safety Code § 25363 et seq.)**

28.     SA incorporates its answers to paragraphs 1-27 as if fully stated here. SA denies the remaining allegations contained in Paragraph 28.

29.     To the extent Paragraph 29 alleges conclusions of law, no answer is necessary. To the extent Paragraph 29 requires a response, SA denies the allegations.

30.     SA denies the allegations contained in Paragraph 30 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 30, and on that basis denies the allegations. Further, to the extent Paragraph 30 contains legal conclusions, it does not require a response.

31.     To the extent Paragraph 31 alleges conclusions of law, no answer is necessary. To the extent Paragraph 31 requires a response, SA denies the allegations.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4868-1214-1872.1

5

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

32.     To the extent Paragraph 32 alleges conclusions of law, no answer is necessary. To the extent Paragraph 32 requires a response, SA denies the allegations.

33.     SA denies the allegations contained in Paragraph 33 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 33, and on that basis denies the allegations. Further, to the extent Paragraph 33 contains legal conclusions, it does not require a response.

34.     SA denies the allegations contained in Paragraph 34 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 34, and on that basis denies the allegations. Further, to the extent Paragraph 34 contains legal conclusions, it does not require a response.

35.     SA denies the allegations contained in Paragraph 35 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 35, and on that basis denies the allegations. Further, to the extent Paragraph 35 contains legal conclusions, it does not require a response.

## SECOND CAUSE OF ACTION

### (Response Cost Recovery Under CERCLA)

36.     SA incorporates its answers to paragraphs 1-35 as if fully stated here. SA denies the remaining allegations contained in Paragraph 36.

37.     To the extent Paragraph 37 alleges conclusions of law, no answer is necessary. To the extent Paragraph 37 requires a response, SA denies the allegations.

38.     To the extent Paragraph 38 alleges conclusions of law, no answer is necessary. To the extent Paragraph 38 requires a response, SA denies the allegations.

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

39.     To the extent Paragraph 39 alleges conclusions of law, no answer is necessary. To the extent Paragraph 39 requires a response, SA denies the allegations.

40.     To the extent Paragraph 40 alleges conclusions of law, no answer is necessary. To the extent Paragraph 40 requires a response, SA denies the allegations.

41.     To the extent Paragraph 41 alleges conclusions of law, no answer is necessary. To the extent Paragraph 41 requires a response, SA denies the allegations.

42.     SA denies the allegations contained in Paragraph 42 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 42, and on that basis denies the allegations. Further, to the extent Paragraph 42 contains legal conclusions, it does not require a response.

43.     To the extent Paragraph 43 alleges conclusions of law, no answer is necessary. To the extent Paragraph 43 requires a response, SA denies the allegations.

44.     SA denies the allegations contained in Paragraph 44 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 44, and on that basis denies the allegations. Further, to the extent Paragraph 44 contains legal conclusions, it does not require a response.

45.     SA denies the allegations contained in Paragraph 45 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 45, and on that basis denies the allegations. Further, to the extent Paragraph 45 contains legal conclusions, it does not require a response.

46.     SA denies the allegations contained in Paragraph 46 to the extent they are made against SA. SA is without sufficient knowledge or information to form a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   belief as to the truth of the remainder of the allegations contained in Paragraph 46,

2   and on that basis denies the allegations. Further, to the extent Paragraph 46 contains

3   legal conclusions, it does not require a response.

4          47.    SA denies the allegations contained in Paragraph 47 to the extent they

5   are made against SA. SA is without sufficient knowledge or information to form a

6   belief as to the truth of the remainder of the allegations contained in Paragraph 47,

7   and on that basis denies the allegations. Further, to the extent Paragraph 47 contains

8   legal conclusions, it does not require a response.

9          48.    To the extent Paragraph 48 alleges conclusions of law, no answer is

10  necessary. To the extent Paragraph 48 requires a response, SA denies the

11  allegations.

## THIRD CAUSE OF ACTION

### (Declaratory Relief, Under CERCLA)

14         49.    SA incorporates its answers to paragraphs 1-48 as if fully stated here.

15  SA denies the remaining allegations contained in Paragraph 49.

16         50.    SA denies the allegations contained in Paragraph 50.

## CAUSES OF ACTION FOUR (TRESPASS), FIVE (PRIVATE NUISANCE), AND SIX (PUBLIC NUISANCE) WERE DISMISSED WITH PREJUDICE PURSUANT TO COURT ORDER

20         51.    The complaint's numbered paragraphs 51 – 67 were plead in support of

21  plaintiffs fourth, fifth, and sixth causes of action. These causes of action were

22  dismissed without leave to amend by this court on January 27, 2022. For concise

23  pleading, SA incorporates its answers to paragraphs 1-50 as if fully stated herein,

24  denies the claims within paragraphs 51-67, and responds that as a matter of law SA

25  need not respond to the allegations in paragraphs 51-67 as they are no longer before

26  this court.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4868-1214-1872.1

8

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

## SEVENTH CLAIM

### (Negligence)

68.    SA incorporates its answers to paragraphs 1-67 as if fully stated here. SA denies the remaining allegations contained in Paragraph 68.

69.    SA denies the allegations contained in Paragraph 69 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 69, and on that basis denies the allegations. Further, to the extent Paragraph 69 contains legal conclusions, it does not require a response.

70.    SA denies the allegations contained in Paragraph 70 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 70, and on that basis denies the allegations. Further, to the extent Paragraph 70 contains legal conclusions, it does not require a response.

71.    SA denies the allegations contained in Paragraph 71 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 71, and on that basis denies the allegations. Further, to the extent Paragraph 71 contains legal conclusions, it does not require a response.

72.    SA denies the allegations contained in Paragraph 72 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 72, and on that basis denies the allegations. Further, to the extent Paragraph 72 contains legal conclusions, it does not require a response.

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4868-1214-1872.1

9

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

## EIGHTH CLAIM

### (Violation of Cal. Business and Professions Code § 17200)

73.     SA incorporates its answers to paragraphs 1-72 as if fully stated here. SA denies the remaining allegations contained in Paragraph 73.

74.     To the extent Paragraph 74 alleges conclusions of law, no answer is necessary. To the extent Paragraph 74 requires a response, SA denies the allegations.

75.     SA denies the allegations contained in Paragraph 75 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 75, and on that basis denies the allegations. Further, to the extent Paragraph 75 contains legal conclusions, it does not require a response.

76.     SA denies the allegations contained in Paragraph 76 to the extent they are made against SA. SA is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 76, and on that basis denies the allegations. Further, to the extent Paragraph 76 contains legal conclusions, it does not require a response.

### PRAYERS FOR RELIEF

1.     SA denies that Plaintiff is entitled to any relief of any kind, or at all, and denies that Plaintiff has suffered any damages of any kind, or at all. SA specifically denies all allegations of wrongdoing. To the extent Paragraph 1 contains any allegations that require a response, SA denies all allegations contained in Paragraph 1.

2.     SA denies that Plaintiff is entitled to any relief of any kind, or at all, and denies that Plaintiff has suffered any damages of any kind, or at all. SA specifically denies all allegations of wrongdoing. To the extent Paragraph 2 contains any allegations that require a response, SA denies all allegations contained in Paragraph 2.

4868-1214-1872.1

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3.     SA denies that Plaintiff is entitled to any relief of any kind, or at all, and denies that Plaintiff has suffered any damages of any kind, or at all. SA specifically denies all allegations of wrongdoing. To the extent Paragraph 3 contains any allegations that require a response, SA denies all allegations contained in Paragraph 3.

4.     SA denies that Plaintiff is entitled to any relief of any kind, or at all, and denies that Plaintiff has suffered any damages of any kind, or at all. SA specifically denies all allegations of wrongdoing. To the extent Paragraph 4 contains any allegations that require a response, SA denies all allegations contained in Paragraph 4.

5.     SA denies that Plaintiff is entitled to any relief of any kind, or at all, and denies that Plaintiff has suffered any damages of any kind, or at all. SA specifically denies all allegations of wrongdoing. To the extent Paragraph 5 contains any allegations that require a response, SA denies all allegations contained in Paragraph 5.

6.     SA denies that Plaintiff is entitled to any relief of any kind, or at all, and denies that Plaintiff has suffered any damages of any kind, or at all. SA specifically denies all allegations of wrongdoing. To the extent Paragraph 6 contains any allegations that require a response, SA denies all allegations contained in Paragraph 6.

7.     SA denies that Plaintiff is entitled to any relief of any kind, or at all, and denies that Plaintiff has suffered any damages of any kind, or at all. SA specifically denies all allegations of wrongdoing. To the extent Paragraph 7 contains any allegations that require a response, SA denies all allegations contained in Paragraph 7.

8.     SA denies that Plaintiff is entitled to any relief of any kind, or at all, and denies that Plaintiff has suffered any damages of any kind, or at all. SA specifically denies all allegations of wrongdoing. To the extent Paragraph 8 contains

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  any allegations that require a response, SA denies all allegations contained in

2  Paragraph 8.

### A.    GENERAL DENIAL

4      To the extent SA has not responded to any allegations in the Complaint, SA

5  denies all such allegations. The responses reflect the status of SA's knowledge and

6  belief regarding the subject matter of the allegations set forth in the Complaint. SA

7  reserves the right to take further positions and raise additional defenses that may

8  become apparent because of discovery of information after the filing of this Answer.

### B.    AFFIRMATIVE DEFENSES

10     SA has not completed its investigation of the facts of this case, has not

11 completed discovery in this matter, and has not completed its preparation for trial.

12 The affirmative defenses asserted are based on SA's knowledge, information and

13 belief at this time, and SA specifically reserves the right to modify, amend or

14 supplement any affirmative defense at any time.  Without conceding that it bears the

15 burden of proof or persuasion as to any one of these, SA alleges the following

16 defenses to the Complaint:

### First Affirmative Defense

18     The HSAA and CERCLA claims are barred by the failure to comply with the

19 National Contingency Plan for environmental response actions.  The alleged

20 response actions were not necessary or reasonable, did not involve adequate public

21 participation, did not explore more affordable and reasonable alternatives, did not

22 include adequate human health and environmental risk assessments, and did not

23 select the appropriate uses for the Property.

### Second Affirmative Defense

25     Plaintiff lacks standing to bring the Complaint, or any purported causes of

26 action against the SA.

27 / / /

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4868-1214-1872.1

**12**

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

### Third Affirmative Defense

Each claim alleged in the Complaint is barred by the statute of limitations to the extent that any act or omission occurred outside the applicable statutory period.

### Fourth Affirmative Defense

Plaintiff is not entitled to damages, attorney fees or costs alleged in the Complaint by any law, including but not limited to CERCLA.

### Fifth Affirmative Defense

If SA is found liable for any damages, SA would be entitled to contribution from Plaintiff or other third parties under common law or under applicable provisions of the HSAA and section 113 of CERCLA.

### Sixth Affirmative Defense

If SA is found liable for any damages, SA is entitled to indemnity from Plaintiff or other third parties to offset such liability.

### Seventh Affirmative Defense

If SA is found liable, SA is not liable for any costs or damages not directly caused by SA due to the joint and severability doctrine.

### Eight Affirmative Defense

CERCLA sections 101(35) and 107(b) bar Plaintiff from recovery from SA because SA is not liable because the alleged release or threatened release and resulting damage were caused solely by an act of God, act of war or an act or omission of a third party.

### Ninth Affirmative Defense

Plaintiff cannot recover costs not yet incurred or costs which were not necessary costs of response under CERCLA section 107(a). Plaintiff may only recover costs as enumerated under CERCLA.

### Tenth Affirmative Defense

Plaintiff cannot maintain a cost recovery action under CERCLA section 107, because Plaintiff is a "covered person" as defined by 42 U.S.C. § 9607(a)(1)-(4) and


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

is not an innocent landowner, bone-fide purchaser or contiguous landowner.

### Eleventh Affirmative Defense

Plaintiff's entire complaint and causes of action contained therein is barred because this court lacks subject matter jurisdiction.

### Twelfth Affirmative Defense

Plaintiff consented to the alleged acts and conduct of SA giving rise to Plaintiff's causes of action.

### Thirteenth Affirmative Defense

Any alleged conduct by SA was not a substantial factor in bringing about Plaintiff's alleged injuries and claims of damages. Therefore, SA's conduct was not the legal cause of any damage alleged to be suffered by Plaintiff.

### Fourteenth Affirmative Defense

SA is not liable for any acts or omissions alleged to have been performed by SA employees or agents as these acts or omissions were committed outside the scope of their employment or agency with SA; were not authorized, adopted, ratified by SA; and/or SA did not or could not have known of such act or omission.

### Fifteenth Affirmative Defense

SA is not liable for any damage or injury claimed by Plaintiff, as the damages or injury were proximately caused by the conduct of intervening, superseding third parties. In the alternative, any damages Plaintiff may be entitled to must be reduced to the extent that such damages were the result of intervening, superseding third parties, including Plaintiff themselves.

### Sixteenth Affirmative Defense

Plaintiff's own misconduct was the proximate cause of Plaintiff's damages and injury. Therefore, plaintiff's causes of action are barred.

### Seventeenth Affirmative Defense

Plaintiff's causes of action are barred by the after-acquired evidence doctrine.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**Eighteenth Affirmative Defense**

Plaintiff's own conduct estops their recovery of any relief sought.

**Nineteenth Affirmative Defense**

Plaintiff has waived any right to recover any relief requested by their own conduct.

**Twentieth Affirmative Defense**

Plaintiff's conduct bars it from any recovery under the doctrine of unclean hands in that it promised to take the Property as/is where/is and with all faults but never intended to comply.

**Twenty-First Affirmative Defense**

Plaintiff's conduct bars it from any recovery under the doctrine of laches.

**Twenty-Second Affirmative Defense**

Plaintiff's causes of action are subject to the doctrines of release, settlement, offset, apportionment, and/or recoupment because Plaintiff agreed to accept the property as/is where/is with all faults.

**Twenty-Third Affirmative Defense**

Plaintiff fails to state a claim against SA which would entitle it to attorney fees and costs.

**Twenty-Fourth Affirmative Defense**

Plaintiff's claims are barred because SA's conduct was lawful, justified, privileged, and/or excused based on the information known or in its possession, including the representations, conduct, and statements of Plaintiff.

**Twenty-Fifth Affirmative Defense**

Plaintiff's injuries were caused, in whole or in part, by Plaintiff's predecessor in interest.

**Twenty-Sixth Affirmative Defense**

Plaintiff's claims are vague, ambiguous, and uncertain in contravention of Federal Rules of Civil Procedure, rules 8(a) and 8(d)(1).

4868-1214-1872.1

15

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | **Twenty-Seventh Affirmative Defense**

2 California Business & Professions section 17200 is unconstitutionally vague,

3 therefore Plaintiff's causes of action pursuant to this statute fails.

4 | **Twenty-Eighth Affirmative Defense**

5 Any alleged act or omission by SA was in compliance with California

6 Business & Professions section 17200 or did not occur.

7 | **Twenty-Ninth Affirmative Defense**

8 The plaintiff to the action contractually agreed to purchase the property "as is

9 where is with all faults" from SA. As such, the plaintiff agreed to hold SA harmless,

10 and plaintiff voluntarily waived and released all claims and causes of action arising

11 from the purchase and sale of the property as against SA.

12 | **Reservation of Right to Amend and Request for Relief**

13 SA retains the right to amend this Answer by adding additional affirmative

14 defenses, facts supporting its defenses, and counterclaims after conducting

15 discovery.

16 WHEREFORE, SA respectfully requests this court to:

17     1. Dismiss the Complaint with prejudice and deny Plaintiff any of its

18        requested relief.

19     2. Award SA attorney fees and costs.

20     3. Any other relief this court deems appropriate.

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /



4868-1214-1872.1

16

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

## C.   <u>COUNTERCLAIMS</u>

1.      Defendant SA RECYCLING ("SA") pleads the following counterclaims to Plaintiff DP Etiwanda, LLC's ("DP") Complaint.

### PARTIES

2.      SA is and was at all times authorized to do business in the State of California.

3.      SA alleges, on information and belief that DP is the current owner of the real property commonly known as 8822 Etiwanda Avenue, Rancho Cucamonga, California ("the Site").

### JURISDICTION

4.      Jurisdiction over SA's counterclaims is based on 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 9613(b). These counterclaims are brought under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, et seq. ("CERCLA"). Supplemental jurisdiction over the state law claims is based on 28 U.S.C. § 1367(a). The state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

### VENUE

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) as the alleged acts and omissions relate to hazardous waste and substances located on the Site, which is part of this District.

### FACTUAL ALLEGATIONS

6.      Without admitting to any of the allegations in DP's complaint, SA incorporates DP's complaint for the sole purpose of setting forth the allegations of the complaint that relate to SA's counterclaims.

7.      SA denies it is liable to DP in any fashion and denies that DP is entitled to any relief from SA.

8.      SA's counterclaims are being filed and served in accordance with Rule

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4868-1214-1872.1

17

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

13 of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

### (Contribution Pursuant to CERCLA Section 113)

9.     SA refers to and incorporates by reference paragraphs 1-8 of the counter claim as though fully stated herein.

10.     SA alleges that DP agreed to accept the property as/is where/is and with all faults, that it had the right and opportunity to conduct soil sampling or other investigation prior to the close of escrow but declined to do so, that it had ample knowledge of the historical operations at the Property, and that SA did not contribute to the alleged contamination at the Site.

11.     SA alleges DP is responsible for the alleged contamination of the Site by virtue of the terms of the purchase contract and its voluntary assumption of the risk of unknown contamination at the Site.

12.     To the extent any party has incurred recoverable response costs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), and asserts liability for some or all of these costs against SA pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), or asserts a contribution claim against SA for such costs incurred by another party pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), SA is entitled to 100% contribution, or any amount this court deems reasonable, pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief Under Federal Law)

13.     SA refers to and incorporates by reference paragraphs 1-12 of the counter claim as though fully stated herein.

14.     SA is entitled to and seeks a declaratory judgment, pursuant to CERCLA § (g)(2), 42 U.S.C. § 9613(g)(2), of DP's liability to SA for all response costs incurred or to be incurred by SA for the Site and for responding to the "releases" and/or "threatened releases" of wastes and adverse environmental

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

consequences at issue.

15.     SA is entitled to, and hereby seeks, a judicial determination pursuant to the Federal Declaratory Relief Act, 28 U.S.C. § 2201, of SA's right to reimbursement from and indemnification by DP for all costs, jointly and severally, which SA may incur resulting from DP's contribution to "release" of wastes into the environment.

### THIRD CLAIM FOR RELIEF
### (Declaratory Relief Under State Law)

16.     SA refers to and incorporates by reference paragraphs 1-15 of the counter claim as though fully stated herein.

17.     SA alleges that all legal liability arising from federal, state or common law arising from contamination at the Site is the sole and/or joint and severable liability of DP. Therefore, SA is entitled to a judicial declaration that DP is liable to indemnify SA for all future damages and costs that may be suffered by SA as a result of the contamination at the Site, or in the alternative, that DP must contribute to and reimburse SA for such any resulting damages and costs.

### FOURTH CLAIM FOR RELIEF
### (Equitable Indemnification)

18.     SA refers to and incorporates by reference paragraphs 1-17 of the counter claim as though fully stated herein.

19.     As a direct result of DP's acts or omissions, SA has been required to act in the protection of its own interest by defendant against Plaintiff's action and by bringing these counterclaims.

20.     SA is without fault with respect to any of the allegations contained in the complaint, including those allegations concerning environmental contaminations at the Site. Any contamination to the Site is totally, or at least partially attributable to DP's conduct and any liability on the part of SA is secondary to DP's primary liability.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

21.     SA alleges that DP is responsible to indemnity SA for any liability arising from DP's own acts or omissions. SA alleges that DP is either totally or partially liable.

## FIFTH CLAIM FOR RELIEF

### (Contribution)

22.     SA refers to and incorporates by reference paragraphs 1-21 of the counter claim as though fully stated herein.

23.     SA denies all liability with respect to the alleged environmental contamination to the Site. To the extent that SA may have any liability for any relief sought in Plaintiff's complaint, Plaintiff is liable to SA for contribution for all costs, expenses or damages incurred or awarded in any action.

## SIXTH CLAIM FOR RELIEF

### (Contribution Under Hazardous Substances Account Act "HSAA")

24.     SA refers to and incorporates by reference paragraphs 1-23 of the counter claim as though fully stated herein.

25.     SA alleges that DP is a "person" as defined in the California Health & Safety Code section 25319 ("HSAA").

26.     SA alleges that DP is a "responsible part[y]" as defined in California Health & Safety Code section 25323.5 and CERCLA § 107(a), 42 U.S.C. § 9607(a).

27.     SA alleges that DP is the current site owner and operator.

28.     SA alleges that DP is liable under the HSAA for releasing and/or threatening the release of hazardous substances at the Site. Therefore, SA is entitled to contribution from DP pursuant to the HSAA.

/ / /

/ / /

/ / /

/ / /

/ / /

4868-1214-1872.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**PRAYER FOR RELIEF**

2   29.   WHEREFORE, SA respectfully requests the following relief on its

3   counterclaims:

4   a.   Judgment in favor of SA.

5   b.   SA's attorney fees and costs.

6   c.   Any other relief this court deems reasonable.

7   **JURY DEMAND**

8   30.   SA demands a trial by jury on all claims contained in the complaint and

9   all pleadings including SA's counterclaims.

10

11

12   DATED: September 14, 2022        LEWIS BRISBOIS BISGAARD & SMITH LLP

13                                    By: _____/s/ Jamison A. Rayfield_____

14                                    JAMISON A. RAYFIELD
                                      R. GAYLORD SMITH
15                                    Attorneys for Defendant, SA RECYCLING

16

17

18

19

20

21

22

23

24

25

26

27

28



4868-1214-1872.1

21

1
2

**FEDERAL COURT PROOF OF SERVICE**
DP Etiwanda, LLC v. Sims Metal USA Corp., et al.
U.S. District Court, Central District of California Case No. 5:21-cv-1238-JGB-SP

3

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

4
5
6

     At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

7

     On September 14, 2022, I served the following document(s):

8
9

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT SA RECYCLING TO FIRST AMENDED COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC**

10
11

     I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

12

**SEE ATTACHED SERVICE LIST**

13

     The documents were served by the following means:

14

☒   (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

15
16

     I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

17

     Executed on September 14, 2022, at San Diego, California.

18
19
20

                */s/ Raquel Legaspi*
                Raquel Legaspi

21
22
23
24
25
26
27
28



4868-1214-1872.1

22

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

**SERVICE LIST**

*DP Etiwanda, LLC v. Sims Metal USA Corp., et al.*

U.S. District Court, Central District of California Case No. 5:21-cv-1238-JGB-SP

Perry S. Hughes
Cathy T. Moses
Jamie L. Sprague
Cox, Castle & Nicholson LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
Tel: (310) 284-2200
Fax: (310) 284-2100
Email: PHughes@coxcastle.com
          CMoses@coxcastle.com
          JSprague@coxcastle.com

*Attorneys for Plaintiff*
*DP Etiwanda, LLC*

Thomas F. Vandenburg
Alice Charkhchyan
Wood, Smith, Henning & Berman LLP
505 North Brand Boulevard, Suite 1100
Glendale, California 91203
Tel: 818 551-6000
Fax: 818 551-6050
Email: tvandenburg@wshblaw.com
          acharkhchyan@wshblaw.com

*Attorneys for Defendant, AMERON*
*INTERNATIONAL, INC.*

Mark Elliott
Rebecca M. Lee
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Tel: 213.488.7100
Fax: 213.629.1033
Email: mark.elliott@pillsburylaw.com
rebecca.lee@pillsburylaw.com

*Attorneys for Defendant and Counter-*
*Claimant SIMS METAL USA CORP.*

David Clark
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Tel: (949) 202-3000
Fax: (949) 202-3001
Email: david.clark@haynesboone.com

*Attorney for Defendant TAMCO*

Ann Al-Bahish (*Admitted Pro Hac Vice*)
1221 McKinney Street, Suite 4000
Houston, TX 77010
Tel: (713) 547-2000
Fax: (713) 547-2600
Email: ann.al-bahish@haynesboone.com

*Attorney for Defendant TAMCO*

AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS OF
DEFENDANT SA RECYCLING TO COMPLAINT OF PLAINTIFF DP ETIWANDA, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW